SUPREME COURT — APPELLATE DIVISION —
March 26, 1924.

MATTER OF JAMES GILCHRIST.

(208 App. Div. 497.)

ATTORNEY AND CLIENT—DISCIPLINARY PROCEEDINGS—ATTORNEY SUSPENDED FOR ONE YEAR AND UNTIL FURTHER ORDER OF COURT FOR INSTITUTING DIVORCE ACTION FOR HUSBAND AFTER BEING RETAINED BY WIFE, AND FOR PLACING TWO MATRIMONIAL ACTIONS ON CALENDAR AFTER THEY HAD BEEN DISMISSED BY SPECIAL TERM.

The respondent is suspended from practice as an attorney and counselor at law for one year and thereafter until further order of the court for bringing a divorce action in favor of a husband after he had been retained by the wife to institute a divorce action for her and while the relation of attorney and client was still existing between them, and for placing two uncontested matrimonial actions on the calendar, and responding that he was ready when the cases were called, without the consent of the court after the same had been heard at a prior Special Term and the justice presiding thereat had ruled against his contention and announced his determination dismissing one of the actions and denying judgment in the other.

DISCIPLINARY proceedings instituted on the petition of the district attorney of Oneida county. (See 206 App. Div. 813).

*Charles L. DeAngelis, District Attorney, D. Francis Searle*
and *John C. Davies,* for the respondent.

PER CURIAM:

The learned and experienced referee who heard the testimony
in this proceeding has reported to this court his findings of
fact sustaining the charges of misconduct against the respondent
contained in the petition upon which this proceeding was
instituted.

The charges are three in number. According to the first,
the respondent was retained by a woman client to endeavor
to obtain a divorce for her, and while the relation of attorney
and client was still subsisting between them, the respondent
accepted a retainer from the woman's hubsand (with the
wife's consent), and brought an action on his behalf for a
divorce against the woman. The respondent continued to
carry on the action so instituted against the woman without
ceasing to be her attorney as well. According to the other
two charges, the respondent as counsel for the plaintiffs in
two uncontested matrimonial actions, presented the respective
cases to a Special Term of the Supreme Court, held in
Herkimer county, where the justice presiding ruled against
the respondent's contentions and announced his determination,
dismissing one of the actions and denying judgment in the
other. Thereafter the respondent omitting to enter judgment
in either of the cases in accordance with the determination of
the Special Term, and without taking any steps to vacate or
set aside such determination, and without obtaining or even
asking for the court's permission, caused these same two cases
to be put on the calendar of two succeeding Special Terms in
Herkimer county, at the first of which he annouced the cases
as " ready " and at the second responded " ready " when one
of the cases was called, all with the intention of presenting

these cases for a hearing a second time in disregard of the previous unfavorable determinations.

A careful examination of the testimony taken at the hearing has brought us to the same conclusion reached by the learned referee. We cannot accept the explanations respecting his conduct offered by the defendant. They are improbable and inconsistent with the natural inferences to be drawn from the evidence. We find the misconduct fully established. The respondent cannot excuse his practices on the basis of youth or inexperience. He is about fifty years of age, has been a member of the bar for about twenty years and seems to have enjoyed a considerable practice. His conduct as outlined above merits our severe condemnation and renders it our duty to enter a disciplinary order.

We have, therefore, determined to suspend the respondent from his office of attorney and counselor at law for one year and thereafter until the further order of this court.

All concur.

Report of referee confirmed, and order entered suspending the respondent from practice as an attorney for one year and thereafter until the further order of the court.