OPINION OF THE COURT
Chief Judge Cooke.
The issue presented for review is whether plaintiffs counsel, the law firm of Eaton, Van Winkle, Greenspoon & Grutman, should be disqualified because two of the members of the firm were formerly partners in defendant law firm, Finley, Kumble, Wagner, Heine & Underberg. For divers reasons the Eaton firm should be disqualified.
In the action underlying this controversy, plaintiff, Helen Greene, alleges that the firm of Finley, Kumble and one of its partners, Theodore Greene, committed a breach of fiduciary duties, fraud, and a host of other wrongs in connection with the creation and management of an inter vivos trust established in 1969. Plaintiff was the settlor, sole beneficiary, and cotrustee of the trust. The two third-party defendants, Grutman and Bjork, are former members of the Finley, Kumble law firm. Grutman was affiliated with defendant firm from 1970 to 1976, during which time he acted as a managing partner of the firm and directed its litigation department. Bjork, Grutman’s wife, joined Finley, Kumble as an associate in 1974, and became a member of the firm in 1975. She departed with her husband in 1976. Apparently, both joined the Eaton firm soon after leaving Finley, Kumble.
In August, 1977 plaintiff retained the Eaton firm to represent her and this action was instituted some four months later. According to plaintiff, she was fully advised that Grut *451 man and Bjork, as former members of defendant firm, might be jointly and severally liable for any wrongdoing. She was further informed that since Grutman and Bjork had become members of Eaton, there might be "at least the appearance of a conflict of interest between [their] position as members of the firm representing [her] and their possible liability”. Nonetheless, plaintiff expressed her desire that the Eaton firm represent her.
Defendants moved at Special Term for the disqualification of plaintiff’s counsel on conflict of interest grounds.[1] Special Term denied the motion, and the Appellate Division affirmed, with two Justices dissenting. That court subsequently granted leave to appeal, certifying the following question for our review: "Was the order of Supreme Court, as affirmed by this Court, properly made?” We now modify the order of the Appellate Division and grant defendants’ motion insofar as it sought to disqualify Eaton, Van Winkle, Greenspoon and Grutman from acting as plaintiff’s counsel.
It is a long-standing precept of the legal profession that an attorney is duty bound to pursue his client’s interests diligently and vigorously within the limits of the law (Code of Professional Responsibility, canon 7). For this reason, a lawyer may not undertake representation where his independent professional judgment is likely to be impaired by extraneous considerations. Thus, attorneys historically have been strictly forbidden from placing themselves in a position where they must advance, or even appear to advance, conflicting interests (see, e.g., Cardinale v Golinello, 43 NY2d 288, 296; Eisemann v Hazard, 218 NY 155, 159; Code of Professional Responsibility, DR 5-105). This prohibition was designed to safeguard against not only violation of the duty of loyalty owed the client, but also against abuse of the adversary system and resulting harm to the public at large.
Perhaps the clearest instance of impermissible conflict occurs when a lawyer represents two adverse parties in a legal proceeding. In such a case, the lawyer owes a duty to each client to advocate the client’s interests zealously. Yet, to properly represent either one of the parties, he must forsake his obligation to the other. Because dual representation is fraught with the potential for irreconcilable conflict, it will *452 rarely be sanctioned even after full disclosure has been made and the consent of the clients obtained (Matter of Kelly, 23 NY2d 368, 376, 378; Eisemann v Hazard, 218 NY 155, 159, supra; Matter of Gilchrist, 208 App Div 497; see, also, Matter of Cohn, 46 NJ 202). Particularly is this so when the public interest is implicated (see, e.g., Matter of A & B, 44 NJ 331), or where the conflict extends to the very subject matter of the litigation (Matter of Kelly, supra, at p 378; see Matter of Gilchrist, supra, at pp 497-498).
By the same token, where it is the lawyer who possesses a personal, business or financial interest at odds with that of his client, these prohibitions apply with equal force (Code of Professional Responsibility, DR 5-101, subd [A]). Viewed from the standpoint of a client, as well as that of society, it would be egregious to permit an attorney to act on behalf of the client in an action where the attorney has a direct interest in the subject matter of the suit. As in the dual representation situation, the conflict is too substantial, and the possibility of adverse impact upon the client and the adversary system too great, to allow the representation. In short, a lawyer who possesses a financial interest in a lawsuit akin to that of a defendant may not, as a general rule, represent the plaintiff in the same action.
Aptly illustrating these problems are the circumstances of the present case. Plaintiff’s counsel, the Eaton firm, has strong interests on both sides of the litigation. It has undertaken to represent plaintiff, owing her the highest duty of loyalty and professional skill in carrying on the legal action. At the same time, Grutman and Bjork, members of the firm, are manifestly liable, jointly and severally, for all tortious conduct which might have occurred during their tenure with defendant, Finley, Kumble (Partnership Law, §§ 24-26). That a possibility of their being cast in damages exists is demonstrated by their status as third-party defendants in this lawsuit.[2] Hence, the firm representing plaintiff has a direct and substantial stake in the outcome of the litigation.[3] Whether this conflict may be effectively waived by the client need not now be addressed, as *453 there are additional considerations which dictate disqualification.
An attorney traditionally has been prohibited from representing a party in a lawsuit where an opposing party is the lawyer’s former client (e.g., Hatch v Fogerty, 40 How Pr 492, 503). Underlying this rule is the notion that an attorney, as part of his fiduciary obligation, owes a continuing duty to a former client — broader in scope than the attorney-client evidentiary privilege — not to reveal confidences learned in the course of the professional relationship (see Watson v Watson, 171 Misc 175, 176). To obtain disqualification of the attorney, the former client need not show that confidential information necessarily will be disclosed in the course of the litigation; rather, a reasonable probability of disclosure should suffice (see Sheffield v State Bar of California, 22 Cal 2d 627; Galbraith v State Bar of California, 218 Cal 329).
As former partners in defendant law firm, Grutman and Bjork owe a fiduciary obligation similar to that owed by an attorney to his client (see, e.g., Meinhard v Salmon, 249 NY 458, 463-464). This is especially so with respect to Grutman, a former managing partner of the firm (id., at p 468). Defendant relates, in its affidavits, that Grutman and Bjork gained confidential information in their capacity as members of the firm. Indeed, it is alleged that one or both of them were privy to partnership discussions concerning the firm’s potential liability for its management of plaintiff’s trust. In view of these allegations, we cannot discount the possibility that information obtained by Grutman and Bjork in their role as fiduciaries will be used in the pending lawsuit.
Although it is usually recognized that a party to litigation may select an attorney of his or her choosing, this general right is not limitless. The attorney may not accept employment in violation of a fiduciary relationship and may not allow his own interests to conflict with those of his client. To hold otherwise would be to ignore the overriding public interest in the integrity of our adversary system.
For these reasons, the Eaton firm should be disqualified from representing plaintiff in this matter. Accordingly, the order of the Appellate Division should be modified in accordance with this opinion, with costs to appellants, and, as so modified, affirmed. The certified question is answered in the negative.

. In the motion, defendants sought other relief, including dismissal of the complaint, but the motion was denied in its entirety.

. Even if the third-party claim is not pursued, the defendants may later obtain contribution in a separate action (CPLR 1403).

. Of course, we apply here the familiar principle that a conflict of interest involving even one lawyer in a firm taints the entire firm (e.g., Cardinale v Golinello, 43 NY2d 288, 296, supra),