■ In the Matter of the Dissolution of BOWMAN TRADING Co., INC., and its Affiliate FLYING SOURCES, INC. ARLEEN BOWMAN et al., Respondents; BRICE BOWMAN, Appellant. — Order, Supreme Court, New York County (Louis Grossman, J.), entered September 28, 1983, which denied respondent's motion to disqualify petitioner's counsel, is unanimously reversed, on the law and the facts, and the motion is granted, with costs. Petitioner wife is seeking a judicial dissolution of two corporations in which she and respondent, who is her estranged husband, each are 50% shareholders. The petition alleges, *inter alia,* that the petitioner and respondent are unable to agree on how to operate these corporations or on how to dispose of them and that, in addition, respondent has participated in certain financial dealings that were against the best interests of these corporations. Respondent has joined issue. The law firm of Belfer & Kaminsky represents the petitioner in this proceeding. Respondent moves to disqualify petitioner's counsel upon the basis that such firm heretofore represented the subject corporations on a continuing basis since their formation, approximately seven years ago; and, that during the course of that representation, they obtained confidential information from him, which they now intend to use against him in this proceeding. In fact, respondent alleges that it is likely that the attorneys will be called as witnesses in the instant proceeding. In view of this long and continuing attorney-client relationship between petitioner's counsel and respondent, we find that Special Term erred in denying respondent's motion. "An attorney traditionally has been prohibited from representing a party in a lawsuit where an opposing party is the lawyer's former client * * * Underlying this rule is the notion that an attorney, as part of his fiduciary obligation, owes a continuing duty to a former client — broader in scope than the attorney-client evidentiary privilege — not to reveal confidences learned in the course of the professional relationship" (*Greene v Greene,* 47 NY2d 447, 453). Concur — Sullivan, J. P., Ross, Carro, Milonas and Kassal, JJ.