■ ILENE L. FLAUM et al., Individually and as Coexecutrices and Cotrustees of BERNARD P. BIRNBAUM, Deceased, Respondents, v SAUL I. BIRNBAUM, Individually and as Coexecutor and Cotrustee of BERNARD P. BIRNBAUM, Deceased, Appellant. — Order, insofar as appealed from, unanimously modified, on the law and facts, and, as modified, affirmed, without costs, in accordance with the following memorandum: In the proceeding underlying this controversy, respondent stands charged with fraud, self-dealing and breach of fiduciary duties as coexecutor of the estate of Bernard Birnbaum, involving the Queensbury Plaza, a shopping center in Glens Falls, New York. Petitioner Ilene L. Flaum, retained the law firm of Fix, Spindelman, Turk, Himelein and Shukoff (Fix, Spindelman) to represent her. Respondent moved to disqualify Fix, Spindelman from representing petitioner in this or any other proceeding or matters adverse to Saul I. Birnbaum because Richard S. Brovitz, a partner in that law firm, has previously performed legal services for respondent involving the Queensbury Plaza, when Brovitz was a member of a different law firm. Respondent also moved to preclude Fix, Spindelman from providing any information gained from the prior representation to successor counsel and for other ancillary relief. Following a hearing, the court below denied the motions on the ground that an attorney-client relationship did not exist between Brovitz and respondent because the latter *"never selectively retained* Richard Brovitz". We disagree.

The record shows that respondent and his personal attorney consulted with a law firm with which Brovitz was associated

concerning Queensbury Plaza and that Brovitz rendered legal advice and transmitted a legal opinion letter to respondent outlining legal courses of action to accomplish various goals in connection with the plaza, which were undertaken and now form the bases for the proceeding commenced by petitioner. The proscription against accepting a case against a former client "arises simply from the fact that the lawyer, or the firm with which he was then associated, represented the former client in matters related to the subject matter of the second representation. Accordingly, it is no answer that the lawyer did not in fact obtain any confidential information in connection with the first employment, or even that it was only other members of the firm who rendered the services to the client." (*Cardinale v Golinello,* 43 NY2d 288, 295.) To obtain disqualification of the attorney and the opposing law firm, the former client need only show a reasonable probability that confidential information will be disclosed (*Greene v Greene,* 47 NY2d 447, 453; *Saftler v Government Employees Ins. Co.,* 95 AD2d 54, 57). "Irrespective of any actual detriment, the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in consequence of representation of the opposing litigant by the client's former attorney." (*Cardinale v Golinello,* 43 NY2d 288, 296, *supra.*) Here, the reasonable probability of the disclosure of confidences is apparent from the situation itself (see *Matter of Hof,* 102 AD2d 591, 594).

Petitioner argues that the court must balance her interest in retaining counsel of her own personal choice against the interests of the respondent to be free from the risks of opposition by a lawyer once privy to his confidences (see *Cardinale v Golinello,* 43 NY2d 288, 294, *supra; Lopez v Precision Papers,* 99 AD2d 507). Concededly, disqualification of petitioner's attorney will result in additional expense and delay. However, considering the strong possibility of prejudice to respondent, disqualification is required (see *Greene v Greene,* 47 NY2d 447, 453, *supra*). Fix, Spindelman is disqualified from representing petitioner in the underlying proceeding and prohibited from disclosing any information with respect to the Queensbury Plaza obtained by Richard S. Brovitz from the prior representation of Saul I. Birnbaum. Respondent's request for further relief is denied. (Appeal from order of Monroe County Surrogate's Court, Ciaccio, J. — disqualify law firm.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.