OPINION OF THE COURT
Thomas P. Flaherty, J.
This motion to discontinue counterclaims presents the separate question of whether an attorney can represent both the driver and his passenger in connection with an automobile accident. Discontinuance is granted on the conditions set forth in the order hereon and counsel, who initially represented both the driver and his passenger but now represents only the passenger, is directed to withdraw from the representation of the passenger also.
*624 On the court-ordered date for commencement of the jury trial of this action the defendants County of Niagara (County) and Town of Pendleton (Town) orally moved for an order pursuant to CPLR 3217 (b) discontinuing the counterclaims against plaintiff Robert A. Gabri. This case involves a one-car accident wherein plaintiff Cindy Gabri was a passenger in a vehicle being driven by her husband, plaintiff Robert A. Gabri. Represented by the same law firm (plaintiffs’ counsel) the Gabris brought suit against the County and the Town alleging negligent road design, construction, and maintenance. Mrs. Gabri seeks recovery for serious personal injuries while her husband is pursuing a derivative claim. Seeking contribution pursuant to CPLR article 14, the County and the Town counterclaimed against Mr. Gabri alleging negligent operation of his vehicle.
In opposition to discontinuance plaintiffs’ counsel indicated that Mrs. Gabri had not previously commenced an action against her husband as his automobile liability insurance did not insure against liability due to injury sustained by his spouse (Insurance Law § 3420 [g] [formerly Insurance Law § 167 (3)]). In the event that the motion to discontinue were granted, removing Mr. Gabri as a party subject to apportionment, plaintiffs’ counsel indicated that Mrs. Gabri would seriously consider the possibility of a direct action against her husband. On oral argument the court raised the conflict inherent in plaintiffs’ counsel’s representation of both driver and passenger.
The court having granted the discontinuance, plaintiffs’ counsel now moves to renew and reargue, advising that he is no longer representing Mr. Gabri, who has retained his own independent counsel to pursue his claims against the defendants. Plaintiffs’ counsel, now representing only Mrs. Gabri, continues his opposition to discontinuance but requests that in the event discontinuance is granted that Mrs. Gabri be given, as a condition of the discontinuance, an opportunity to commence a direct action against her husband prior to the discontinuance becoming effective. Mr. Gabri’s recently retained counsel urges the court to reaffirm its prior determination, as does counsel retained by Mr. Gabri’s insurance carrier to defend against the counterclaims. The court modifies its original decision by granting the discontinuance on the conditions set forth.
Turning to the conflict inherent in plaintiffs’ counsel’s current representation of a passenger injured in a vehicle being driven by an individual who is a former client with respect to the same accident, the court notes that it is not uncommon for a single *625 lawyer or a law firm to represent both the driver and a passenger in an action against a third party arising out of an automobile accident; particularly when there is a spousal or other familial relationship involved. This practice exists despite the fact that a driver is almost always in a position of exposure to a claim by his passenger in the event of an accident (Matter of Farr, 264 Ind 153, 340 NE2d 777, 782 [1976]); particularly so in a one-car accident.
The fact that the plaintiffs herein are husband and wife does not necessarily dictate identity of interest. Indeed, while a driver and passenger may have been married at the time of an accident, termination of that relationship prior to the disposition of their claims is a distinct possibility given the high rate of divorce, the length of time for disposition of negligence actions, and the possibility that the injuries sustained in the accident may themselves precipitate disenchantment and discord.
Matter of Sparer (28 AD2d 1) involved an action arising out of a two-car accident wherein one attorney represented both the driver of car No. 1 and his two passengers. Initially counsel represented the three individuals in a suit against the driver of car No. 2. The attorney then retained counsel to handle that suit and while it was still pending he commenced a second action on behalf of one of the passengers in car No. 1 against the drivers of car No. 1 and car No. 2 alleging their joint negligence. Noting that by virtue of the original retainer to represent the driver of car No. 1 the attorney had access to confidential information possessed by the driver of car No. 1, the court held that it was improper for him to institute the second action against his client involving the same accident. In Fugnitto v Fugnitto (113 Misc 2d 666, 669) the court took a dim view of the representation by counsel of both the driver and her passenger but declined to grant any relief as objection thereto was not raised until after the trial. Citing Code of Professional Responsibility, DR 5-101 (A) requiring a lawyer to decline proffered employment when it would create a conflict of interest, the New Jersey Supreme Court held that “where liability is in dispute, a lawyer cannot represent the interests of both the driver of a vehicle and his passenger in claims against the driver of the adverse vehicle. The conflict of interest in such representation is inherent.” (Matter of Shaw, 88 NJ 433, 441, 443 A2d 670, 674 [1982].) The Shaw court continued that the dual representation of driver and passenger was exacerbated by the fact that the attorney filed a complaint as attorney for the passenger against the driver, his own client. It is clear that plaintiffs’ counsel in this case intends to exacerbate his conflict in the same fashion.
*626 In 1974 the Committee on Professional Ethics of the New York State Bar Association specifically addressed the situation presented here (NY State Bar Assn, Committee on Professional Ethics, opn No. 349). Taking cognizance of the comparative negligence concept and the developing doctrine of contribution, the committee wrote that “if it reasonably appears under the practice developing under the Dole case that the husband is likely to be brought in as a defendant on a third party claim that his negligence caused all or a part of the wife’s injuries, the lawyer should not in the absence of special circumstances represent both husband and wife in an action against the third party.”
As the Court of Appeals has stated in Greene v Greene (47 NY2d 447, 451-452), “Perhaps the clearest instance of impermissible conflict occurs when a lawyer represents two adverse parties in a legal proceeding. In such a case, the lawyer owes a duty to each client to advocate the client’s interests zealously. Yet, to properly represent either one of the parties, he must forsake his obligation to the other. Because dual representation is fraught with the potential for irreconcilable conflict, it will rarely be sanctioned even after full disclosure has been made and the consent of the client obtained (Matter of Kelly, 23 NY2d 368, 376, 378; Eisemann v Hazard, 218 NY 155, 159, supra; Matter of Gilchrist, 208 App Div 497; see, also, Matter of Cohn, 47 NJ 202). Particularly is this so when the public interest is implicated (see, e.g., Matter of A & B, 44 NJ 331), or where the conflict extends to the very subject matter of the litigation (Matter of Kelly, supra, at p 378; see Matter of Gilchrist, supra, at pp 497-498).” (Emphasis added.)
As noted by counsel for the Town on reargument, the conflict inherent in this case remains notwithstanding the fact that Mr. Gabri is now represented by independent counsel (NY State Bar Assn, Committee on Professional Ethics, opn No. 349; Weinberg v Underwood, 101 NJ Super 448, 452-454, 244 A2d 538, 540-541 [1968]). Although there is nothing in the record indicating that plaintiffs’ counsel obtained confidential information from Mr. Gabri in connection with this accident, it is difficult to believe that such is not the case. In any event, as the Court of Appeals has stated, “The proscription against taking a case against a former client is predicated, however, on more than the possibility of use in the second representation of information confidentially obtained from the former client in the first representation. The limitation arises simply from the fact that the lawyer * * * represented the former client in matters related to the subject matter of the second representation. Accordingly, it is no answer *627 that the lawyer did not in fact obtain any confidential information in connection with the first employment * * * Irrespective of any actual detriment, the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in consequence of representation of the opposing litigant by the client’s former attorney. (Drinker, Legal Ethics, pp 109, 115.) The standards of the profession exist for the protection and assurance of the clients and are demanding; an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests (Rotante v Lawrence Hosp., 46 AD2d 199; Edelman v Levy, 42 AD2d 758).” (Cardinale v Golinello, 43 NY2d 288, 295-296.)
The following Ethical Considerations contained in the Code of Professional Responsibility militate against plaintiffs’ counsel’s representation of both or either of the Gabris: EC 4-1,4-5,4-6, 5-1, 5-14, 5-15, 5-17, and 9-6. The Disciplinary Rules pertinent to this case are DR 4-101 (B), DR 5-105 (A), and DR 5-105 (B). Recognizing that the code provisions do not enjoy the status of statutory or decisional law, the Appellate Division, Second Department, has recently stated that “they do represent the acknowledged standards of the profession and the courts ‘should not denigrate them by indifference’ (Matter of Weinstock, 40 NY2d 1, 6).” (Matter of Hof, 102 AD2d 591, 596.)
While disqualification of plaintiffs’ counsel as attorney for Mrs. Gabri deprives her of counsel of her choice, adds to her litigation expenses, and delays the trial of her claim and that of her husband, such consequences are outweighed by the ethical standards and considerations set forth above (Greene v Greene, supra, at p 453; Flaum v Birnbaum, 107 AD2d 1087).
Accordingly, plaintiffs’ counsel is disqualified from the representation of any party to any action arising out of this automobile accident and is prohibited from disclosing any information obtained from Mr. Gabri relative to this accident.