OPINION OF THE COURT
Thomas Aloi, J.
Plaintiffs instituted this action to recover for personal injuries allegedly sustained by their son Robert in an automobile accident which occurred about 2:00 a.m. on July 1, 1983 when the vehicle in which he was riding, driven by the defendant Michael Hall, collided with another car. Named as defendants *430 in the action in addition to the driver Hall were John Tenshaw, owner of the vehicle, Berkshire Farm Center and Services for Youth, an institution in which plaintiff had been placed after his adjudication as a juvenile delinquent, and James M. Bell, M.D., a physician employed by defendant Berkshire Farm. The complaint alleged that defendants Bell and Berkshire Farm were negligent in permitting the infant plaintiff to return to the residence of his mother while he was being treated by Berkshire Farm, and, further, that Berkshire Farm had failed to provide adequate support services to the mother and the infant to assist them in continuing treatment of the youth. The defendant Tenshaw was charged with negligently leaving his keys in the ignition of his vehicle in violation of State law and in otherwise negligently leaving his motor vehicle. With respect to the defendant Michael Hall, it was alleged that he took possession of the Tenshaw vehicle on June 30, 1983 and operated it in a negligent manner, such that the accident resulted and plaintiff sustained serious personal injuries.
Following service of the summons and complaint, the firm of Smith, Sovik, Kendrick, Schwarzer and Sugnet, P. C. appeared in the action on behalf of defendants Berkshire Farm and Bell, serving two substantially identical answers, each of which included a cross claim for contribution against the remaining defendants Hall and Tenshaw, the driver and the owner of the automobile in which the injured infant had been riding. Thereafter, the same attorneys served an answer to plaintiffs’ complaint on behalf of defendant auto-owner Tenshaw, in which a cross claim against the defendant Hall was pleaded but none against defendants Berkshire Farm or Bell was included. That law firm has now made this motion on behalf of defendant Tenshaw for dismissal of the complaint against him, on the ground that his vehicle had been left by him in a driveway about 11:30 on the evening of June 30, such that the section of the Vehicle and Traffic Law prohibiting leaving the key in an unattended vehicle was not applicable and there was no liability on his part.
At the outset plaintiffs are questioning the propriety of the Smith, Sovik firm’s representation of defendant Tenshaw in this action in view of its earlier, and concurrent, representation of the codefendants Berkshire Farm and Bell, on whose behalf it has pleaded a cross claim against Tenshaw.
Plaintiffs’ objection is well taken. The blatant, repeated assertion by the attorneys of the law firm that there is *431 nothing improper in their multiple representation in this lawsuit discloses a shocking ignorance of or disregard for their professional responsibility and obligations — responsibility and obligations which every client is entitled to expect will be honored by members of this profession.
Code of Professional Responsibility EC 5-14 precludes acceptance of representation of multiple clients who have conflicting interests (see also, Code of Professional Responsibility EC 5-1, 5-15). As the Court of Appeals has declared: "The standards of the profession exist for the protection and assurance of the clients and are demanding; an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests (Rotante v Lawrence Hosp., 46 AD2d 199; Edelman v Levy, 42 AD2d 758). '[W]ith rare and conditional exceptions, the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship’ (Matter of Kelly, 23 NY2d 368, 376)” (Cardinale v Golinello, 43 NY2d 288, 296).
The conflict of interest in this action is obvious, and made the more so by the pleadings. Plaintiffs have seen fit to join four defendants in the litigation. As the law firm itself points out, the claims against Berkshire Farm and Dr. Bell and against the auto-owner Tenshaw arise out of separate, distinct acts which have no interrelationship, other than their impact on the injured youth, Robert Hill. That circumstance presents the classic situation in which it is in the interest of Berkshire Farm and Bell and in the interest of Tenshaw to defend the action in such a manner as to limit their, or his, pro rata liability and to fix at least some responsibility on the codefendant or codefendants, such that contribution may serve to reduce the amount of damages for which they, or he, must ultimately respond. The inclusion in the answers of defendants Berkshire Farm and Bell of a cross claim for contribution against codefendant Tenshaw reflects an appropriate recourse to the procedural vehicle designed for allocation of fault and liability among alleged multiple wrongdoers.
On the argument of this motion, when the objection to the Smith, Sovik firm’s multiple representation — which had been raised in plaintiff’s papers — was discussed at length, the attorney who appeared from the firm responded to the question of conflict of interest by stating that the firm would discontinue the cross claim, as though this would remove any problem of the firm’s ability ethically and adequately to represent all of *432 the three defendants for whom it has appeared. Counsel is apparently unaware that that cavalier suggestion to abandon one of the significant pleading devices available to codefendants may itself be regarded as evidence of a lack of concern for the interests of defendants Berkshire Farm and Bell, as perhaps, with respect to the interest of defendant Tenshaw, does the failure in the answer served on his behalf to have asserted a cross claim against Berkshire Farm and Bell.
The record before this court, including the pleadings, makes eminently applicable the language in Greene v Greene (47 NY2d 447, 451-452), "Perhaps the clearest instance of impermissible conflict occurs when a lawyer represents two adverse parties in a legal proceeding. In such a case, the lawyer owes a duty to each client to advocate the client’s interests zealously. Yet, to properly represent either one of the parties, he must forsake his obligation to the other. Because dual representation is fraught with the potential for irreconcilable conflict, it will rarely be sanctioned even after full disclosure has been made and the consent of the clients obtained (Matter of Kelly, 23 NY2d 368, 376, 378; Eisemann v Hazard, 218 NY 155, 159, supra; Matter of Gilchrist, 208 App Div 497; see, also, Matter of Cohn, 46 NJ 202). Particularly is this so when the public interest is implicated (see, e.g., Matter of A & B, 44 NJ 331), or where the conflict extends to the very subject matter of the litigation (Matter of Kelly, supra, at p 378; see Matter of Gilchrist, supra, at pp 497-498).”
Little need be said with respect to the contention lately advanced to the court that no conflict of interest exists here because counsel is confident that summary judgment should be granted to each of the defendants they are representing. Counsel’s confidence in a yet undetermined event is no predicate on which to premise a judgment as to propriety of present representation. Moreover, reassuring as that confidence might be to each client insofar as its or his own freedom from liability is concerned, it does not serve to extinguish the expectation each defendant is entitled to hold that its or his attorney will consider the interest of that defendant alone, undiluted by loyalty to the moving defendant, when discharge of a potential contributing codefendant is at issue. Thus, the argument of each summary judgment motion of necessity has the potential for conflict of interest as regards other defendants.
As was said in Matter of Kelly (23 NY2d 368, 378), "Where divided loyalties exist, a lawyer may inadvertently, and de *433 spite the best of motives, be influenced and act detrimentally to the client, or the appearance of misconduct will be unavoidable (Matter of Cherry, 288 App. Div. 458, 461, supra; see, also, Matter of Bovard, 228 App. Div. 263, 269; cf. City Bank Farmers Trust Co. v Cannon, 291 N. Y. 125, 130, supra). Moreover, the unsophisticated client, relying upon the confidential relationship with his lawyer, may not be regarded as able to understand the ramifications of the conflict, however much explained to him (Matter of Young, 188 App. Div. 538, 542-544).” What must be kept in mind is that it is the insureds themselves who are the clients to whom the obligations of the attorneys extend; counsel’s assurance as to the sophistication of the insurance carriers is therefore irrelevant. The interest of the insureds — particularly where, as here, one is a physician — may well go beyond that of the insurers.
In light of the inescapable conclusion that the firm of Smith, Sovik, Kendrick, Schwarzer and Sugnet, P. C. is disqualified from appearing on behalf of defendant Tenshaw* in this litigation, the motion made by it for summary judgment in favor of that defendant is dismissed, without prejudice. Counsel’s insistence that a decision on the motion be rendered has been noted and will be disregarded.
Insofar as counsel from the Smith, Sovik firm has expressed surprise and disbelief that an attorney may not ethically represent two defendants in a personal injury action in which "there will have to be an apportionment of liability among the defendants”, and states that he is unaware of any case so holding, happily counsel need no longer labor under that disability.
The proposed order submitted by the attorney for plaintiffs has been modified by the court to conform to this opinion and is signed herewith.

 The court has no occasion on this motion to reach the question of disqualification with respect to representation of Berkshire Farm Center and Bell.