■ PHILIP J. KASSOVER, Individually and as Executor of NATHAN KASSOVER, Deceased, et al., Appellants, v LAWRENCE KASSOVER et al., Respondents, and PAULA K. FIEDLER, Intervenor-Respondent.—Order of the Supreme Court, New York County (Carol Huff, J.), entered March 5, 1990, which granted the motion of defendant the Garden City Company, Inc. for an order disqualifying the law firm of Kaye, Scholer, Fierman, Hays & Handler as plaintiffs' attorneys, unanimously affirmed, with costs.

Kaye, Scholer, Fierman, Hays & Handler (Kaye Scholer) represented the corporate defendant on two separate occasions during 1986 and 1988 with respect to matters related to the claims and counterclaims advanced in both of the unconsolidated arbitration proceedings currently pending between the parties. While its activities on behalf of the corporate defendant may concern the second arbitration proceeding (numbered 13-168-00440-89) more than the first, the law firm's representation of the plaintiffs in either matter would be equally inappropriate since the ultimate goal of both proceedings is to compel the board of directors of the corporation to accept plaintiff Philip Kassover as a director and as the representative of the Nathan Kassover family group.

A lawyer " 'may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship' " *(Cardinale v Golinello,* 43 NY2d 288, 296). The professional relationship continues between an attorney and a former client. Thus, attorneys have traditionally been prohibited from representing a party in a lawsuit where an opposing party is the lawyer's former client *(Greene v Greene,* 47 NY2d 447, 453). Finally, there is no indication that the motion to disqualify Kaye Scholer as plaintiffs' counsel was employed solely as a maneuver by defendant corporation to stall the

proceedings in order to gain a strategic advantage. Concur—Ross, J. P., Asch, Kassal, Wallach and Rubin, JJ.