■ DONNA M. ROSE, Respondent, v JOHN BECKER, Appellant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court should

have granted respondent's motion to disqualify petitioner's attorneys from representing petitioner in this proceeding to modify an award of child support. Previously, the attorneys had represented respondent's present wife in a divorce action brought against respondent. That action was discontinued when the parties reconciled. "An attorney traditionally has been prohibited from representing a party in a lawsuit where an opposing party is the lawyer's former client" *(Greene v Greene,* 47 NY2d 447, 453). That rule is based on the rationale that counsel owes a continuing duty to the former client not to reveal confidences learned in the course of the relationship *(see, Greene v Greene, supra,* at 453). Although respondent was not a former client of the attorneys, his present wife was. An attorney should be disqualified if, as here, there is a reasonable possibility that confidences were exchanged during the attorney's prior representation of a party's spouse that could be used in a present action for the benefit of the attorney's client. "[F]or [the] purposes of the issue of disqualification, the interests of [the spouses] are one and the same" *(Sirianni v Tomlinson,* 133 AD2d 391, 392, *lv dismissed* 74 NY2d 792). (Appeal from Order of Supreme Court, Erie County, Sedita, J. —Disqualify Law Firm.) Present—Boomer, J. P., Pine, Boehm, Fallon and Davis, JJ.