OPINION OF THE COURT
Frank A. Sedita, Jr., J.
Plaintiff herein moves to disqualify defendant’s attorney from representing the defendant on the ground that "an appearance of impropriety” and "conflicting interest” exists.
Defendant contends that no such appearance of impropriety or conflict exists.
This court makes findings of fact, as follows:
1. The law firm of Siegel, Kelleher & Kahn engages in the general practice of law and has a division which specializes in matrimonial mediation.
2. Ross Runfola, Esq. heads the mediation division.
*974 3. Defendant herein was referred to mediation by Herbert Siegel, Esq., senior partner of said law firm.
4. Pursuant to said referral, both plaintiff and defendant met with Mr. Runfola on only one occasion where for approximately two hours Mr. Runfola explained the mediation process.
5. Plaintiff herein specifically raised the question of the defendant’s relationship with Mr. Siegel at the conference with Mr. Runfola and plaintiff raised the question of preferential fees offered to both the plaintiff and defendant because of said relationship at this conference.
6. Attorney Runfola advised both the plaintiff and the defendant at this conference that mediation could not take place unless both parties specifically authorized the same in writing. The parties declined to make such written authorization and mediation never began.
7. Attorney Runfola refused to discuss any specific issues with the parties or begin mediation at the one conference he had with both the plaintiff and the defendant.
8. Any specific issues raised were raised by the plaintiff or the defendant with specific disclaimers by Mr. Runfola to discuss such issues prior to written authorization of mediation.
9. Plaintiff’s interests have not been prejudiced or compromised in any way by the one session with Mr. Runfola in which he discussed the mediation process.
10. Neither the law firm Siegel, Kelleher & Kahn; Mr Siegel; or Mr. Runfola had represented either the plaintiff or the defendant, individually or jointly, prior to the one session with Mr. Runfola.
11. Mr. Siegel’s conversations with the defendant regarding the mediation process (one conversation) and on the defendant leaving home (one conversation) were insignificant; did not constitute "Representation”; and did not constitute an "appearance of impropriety” or "conflicting interest”.
Plaintiff’s counsel argues that the Code of Professional Responsibility Canon 9 as well as case law supports her contention that defendant’s counsel, Mr. Runfola, and the firm of Siegel, Kelleher & Kahn should be disqualified. This court disagrees.
While the cases which the plaintiff’s counsel cites, notably Greene v Greene (47 NY2d 447), Forbush v Forbush (107 AD2d 375 [4th Dept 1985]) and Rose v Becker (185 AD2d 704 [4th *975 Dept 1992]), are distinguishable from the instant case because neither Mr. Runfola nor Mr. Siegel ever served as counsel to the plaintiff, defendant or both parties on a prior occasion, this court believes the principles established by said cases have not been contravened by the case at bar.
To quote Greene (supra, at 453) (enunciated also in Forbush v Forbush and Rose v Becker, supra): "Underlying this rule is the notion that an attorney, as part of his fiduciary obligation, owes a continuing duty to a former client — broader in scope than the attorney-client evidentiary privilege — not to reveal confidences learned in the course of the professional relationship. To obtain disqualification of the attorney, the former client need not show that confidential information necessarily will be disclosed in the course of litigation; rather, a reasonable probability of disclosure should suffice” (emphasis added).
After hearing the testimony herein, and observing each witness, the court has made specific findings of facts that no client-attorney relationship existed prior hereto; that no disclosure took place; and that the plaintiff is not prejudiced by the contacts that did exist.
Indeed, disqualification is to be used as a shield and not a sword to prejudice defendant from also obtaining eminent counsel, a result which surely would occur in the instant action if defendant’s counsel were disqualified.
Accordingly, plaintiff’s motion for disqualification is denied in its entirety, no costs are awarded to either party.