■ CHRISTOPHER SIDOR, Respondent-Appellant, v JOSEPH ZU-HOSKI et al., Appellants-Respondents, and COLIN VAN TUYL, Defendant and Third-Party Plaintiff-Appellant. MARTIN SIDOR & SONS, INC., Third-Party Defendant. (Action No. 1.) COLIN VAN TUYL, Appellant, and BRIANNA VAN TUYL et al., Respondents, v GREGORY ZUHOSKI et al., Respondents. (Action No. 2.) [690 NYS2d 637] —In an action, *inter alia,* to recover damages for personal injuries (Action No. 1) and a related action, *inter alia,* to recover damages for wrongful death (Action No. 2), (1) Joseph Zuhoski and Gregory Zuhoski appeal from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated April 8, 1998, as, upon granting their motion for reargument of their motion for summary judgment dismissing the complaint in Action No. 1, which motion was denied by an order of the same court dated September 30, 1997, granted the motion for summary judgment only to the extent of directing a hearing on the issue of whether Christopher Sidor, the plaintiff in Action No. 1, and/or Gregory Zuhoski were acting within the scope of their employment at the time of the accident, rather than leaving the issue to the jury, (2) Colin Van Tuyl, as Executor of the Estate of Janet A. Van Tuyl, the defendant third-party plaintiff in Action No. 1 and a plaintiff in Action No. 2, separately appeals, as limited by his brief, from so much of the

same order as, upon granting that branch of his motion which was for reargument of the prior motion for disqualification of Michael T. Clifford & Associates as counsel for both Colin Van Tuyl as Executor of the Estate of Janet A. Van Tuyl and Brianna Van Tuyl, directed the removal of Michael T. Clifford & Associates from representing Colin Van Tuyl as Executor of the Estate of Janet A. Van Tuyl in Action No. 1 and Action No. 2, and (3) Christopher Sidor cross-appeals from so much of the same order as, upon granting the Zuhoskis' motion for reargument, directed a hearing on the issue of whether Christopher Sidor and/or Gregory Zuhoski were acting within the scope of their employment at the time of the accident, rather than leaving that issue to the jury.

Ordered that on the Court's own motion, the notices of appeal and cross appeal from so much of the order as directed a hearing is deemed to be an application for leave to appeal and cross-appeal, and leave to appeal and cross-appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is modified by deleting therefrom the provision which, upon reargument, granted the motion for summary judgment dismissing the complaint in Action No. 1 to the extent of directing a hearing and substituting therefor a provision which adheres to the original determination in the order dated September 30, 1997, denying the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by Joseph Zuhoski, Gregory Zuhoski, and Colin Van Tuyl to Christopher Sidor and Martin Sidor & Sons, Inc.

Under New York law, because a child may properly bring an action against his or her parents, it is improper for an attorney to represent both the parents and the child in an automobile accident action brought against the owner and driver of the other vehicle (*see,* NY State Bar Assn Ethics Report 69-112; *see also, Pessoni v Rabkin,* 220 AD2d 732). Further, "an attorney who undertakes the joint representation of two parties in a lawsuit [should] not continue as counsel for either one after an actual conflict of interest has arisen" (*Matter of H. Children,* 160 Misc 2d 298, 300) because continued representation of either or both parties would result in a violation of the ethical rule requiring an attorney to preserve a client's confidences or the rule requiring an attorney to represent a client zealously (*see, Matter of H. Children, supra*). Because Michael T. Clifford & Associates once represented both Colin Van Tuyl as Executor of the Estate of Janet A. Van Tuyl (hereinafter the Estate) and Brianna Van Tuyl, the infant daughter of Janet A. Van

Tuyl and Colin Van Tuyl and the passenger in Janet A. Van Tuyl's automobile at the time of the accident, the court did not improvidently exercise its discretion by removing Michael T. Clifford & Associates from continuing to represent Colin Van Tuyl as Executor of the Estate of Janet A. Van Tuyl (*see, Matter of H. Children, supra*).

However, the court improperly directed a hearing on the issue of whether Christopher Sidor and/or Gregory Zuhoski were acting within the scope of their employment at the time of the accident (*see,* CPLR 3211 [a], [b]; 3212 [c]).

The remaining contention of the appellant Christopher Sidor is without merit. Mangano, P. J., Santucci, Thompson and McGinity, JJ., concur.