■ In the Matter of C. CHILDREN, Children Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; TERESA P. et al., Respondents; MONICA DRINANE, Nonparty Appellant. [723 NYS2d 199] —In a proceeding pursuant to Family Court Act article 10, Monica Drinane appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Segal, J.), dated July 27, 2000, as, upon the granting of her motion to be relieved as Law Guardian for Daniel T., *sua sponte*, relieved her as the Law Guardian for all the subject children in this proceeding on the ground that a conflict of interest exists.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, and Monica Drinane is reinstated as the Law Guardian for Nunzio C., Joseph C., Andrew C., and David C.

In July 2000 petitions were filed alleging that the respondents Teresa P. and Nunzio C., Sr., had neglected their children, including Daniel T. The appellant (hereinafter the Law Guardian) was appointed Law Guardian for all the children. The Law Guardian met briefly with Daniel T. but there was no discussion concerning the allegations contained in the neglect petitions. Arrangements were made for the other four children to meet with the Law Guardian at a later time. During that meeting, the children's foster mother informed the Law Guardian that one of the children alleged that Daniel T. had sexually abused him. The Law Guardian interviewed the three oldest children concerning the allegations of sexual abuse being made against Daniel T. This prompted the Law Guardian to move to

be relieved of any further representation of Daniel T. The court granted that request, but, *sua sponte*, also relieved the Law Guardian from representing the remaining four children.

The Family Court has the authority to remove a Law Guardian from an assignment (*see,* Family Ct Act § 1016). However, under the circumstances, the Family Court improvidently exercised its discretion in removing the appellant from further representation of the remaining four children. The record contains no evidence of a reasonable probability that during their brief public meeting Daniel T. disclosed confidences relevant to the subject matter of the litigation (*see, Matter of Taylor G.,* 270 AD2d 259; *Anonymous v Anonymous,* 251 AD2d 241; *Greene v Greene,* 47 NY2d 447, 453). Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.