OPINION OF THE COURT
Herbert Kramer, J.
This matter involves a collision between a school bus and a car. The plaintiffs Christine Ferrara and Angela Garguilo were, respectively, the driver and the matron on that bus. They are jointly represented by one law firm with respect to their direct claims.[1] Defendants HVT, Inc., Jordache Enterprises, Inc., and Deborah and Ralph Nakash respectively move and cross-move for the disqualification of this firm on conflict of interest grounds. This issue must be resolved before consideration can be given to any of the various additional motions now before this court.[2]
The dual representation by one firm of a driver and passenger in an automobile involved in a collision constitutes a conflict of interest in violation of the disciplinary rules (Quinn v Walsh, 18 AD3d 638 [2d Dept 2005]; Pessoni v Rabkin, 220 AD2d 732 [2d Dept 1995]) and warrants the removal of counsel from further dual representation of these clients. (Sidor v Zuhoski, 261 AD2d 529 [2d Dept 1999].) Indeed the dual representation mandates the disqualification of counsel in regard to his continuing representation of either of these plaintiffs since such continued representation would necessarily result in a violation of the firm’s fiduciary obligations to preserve client confidentiality and vigor *771 ously represent the clients’ interests. (Shaikh v Waiters, 185 Misc 2d 52 [Sup Ct, Nassau County 2000].)
The reasons for this are clear. It should be anticipated in driver-passenger representation that counterclaims against the plaintiff driver would be made pitting the driver against the passenger. Indeed, that is what transpired here. Moreover, where the driver is not joined as a defendant the plaintiff passenger may well lose a valuable opportunity for recovery if in fact the other driver is exculpated.
Counsel for the plaintiffs argues that there is no possibility of any viable counterclaim against or suit between the plaintiffs because he assumes that they are coemployees as a matter of law who are insulated from such claims. However, each plaintiff does in fact work for an individual corporation. While evidence has been submitted in support of the argument that the corporate employers are joint venturers in the business of school bus transportation — this is a fact laden issue that is not necessarily as clear cut as counsel would presume. (Compare Mitchell v A.F. Roosevelt Ave. Corp., 207 AD2d 388 [2d Dept 1994], with Allen v New York Tr. Auth., 6 Misc 3d 1004[A], 2004 NY Slip Op 51720[U] [Sup Ct, Bronx County 2004].) In any event, counsel’s confidence in this claim is not born out by a motion. He cannot use this argument as post hoc support for his decision to represent both plaintiffs. Equally unavailing is the argument which, similarly, was not presented in a motion to dismiss that the defendant is solely liable as a matter of law for the happening of this intersection collision.
Indeed “a lawyer may represent multiple clients [only] if a disinterested lawyer would believe that the lawyer can competently represent the interest of each and if each consents to the representation after full disclosure of the implication of the simultaneous representation and the advantages and risks involved.” (Shaikh v Waiters, supra, 185 Misc 2d at 55 [emphasis added]; Code of Professional Responsibility DR 5-105 [c] [22 NYCRR 1200.24 (c)].) These factors have not been established here.
Accordingly, counsel is hereby relieved of his representation of both of the plaintiffs in this action. A 60-day stay is imposed to provide plaintiffs with an opportunity to obtain new counsel. The remaining motions are denied with leave to renew.

. Christine Ferrara has separate counsel responding on her behalf to the counterclaims asserted against her by defendants HVT, Inc. and Jordache Enterprises, Inc., Deborah Nakash and Ralph Nakash. She has asserted the affirmative defenses that defendant Garguilo did not sustain a serious injury as defined by Insurance Law § 5102 and that the counterclaims against her are barred by the Workers’ Compensation Law in that she and Garguilo were coemployees acting in the course of their employment at the time of the accident.

. A series of motions and cross motions have been made in this case. Counsel for Ferrara on the counterclaim moves for summary judgment dismissing the counterclaims on the ground that they are barred as a matter of law by the Workers’ Compensation Law. Defendants Jordache Enterprises and Deborah and Ralph Nakash cross-move for summary judgment against both plaintiffs on threshold grounds and seek to disqualify plaintiffs’ counsel on conflict of interests grounds. Defendant HVT, Inc., having withdrawn its motion for summary judgment on threshold grounds, continues to assert those branches of its motion for summary judgment with respect to its contractual and common-law indemnification claims against the defendants Jordache Enterprises and Deborah and Ralph Nakash and its request to disqualify the plaintiffs’ law firm.