OPINION OF THE COURT
Paul A. Victor, J.
*378 Preliminary Issue Presented
Should the court, sua sponte, stay the motion made for summary judgment until there is a final resolution of a potential “conflict of interest” issue arising from plaintiffs’ counsel’s representation of multiple parties in the same action?
Relief Requested
Defendants Mohammed Musah and A-One Transportation (hereinafter Musah) and the defendants Olen Hill and Robin Hill (hereinafter Hill) move for summary judgment and dismissal of the complaint pursuant to CPLR 3212, for the alleged failure of all four plaintiffs to establish that each sustained a “serious injury,” as that term is defined in section 5102 (d) of the Insurance Law.
Background
The three-vehicle accident underlying this case took place on June 23, 2003 on the Major Deegan Expressway near Park Avenue in the Bronx. At that time, the vehicle driven by plaintiff Jose Tavarez was in a collision with the vehicles owned and driven by the defendants. The plaintiffs Emely Esther Tavarez, Estephany Tavarez and Clara Guzman were passengers in the vehicle owned and driven by plaintiff Jose Tavarez, and each plaintiff (including the driver) alleges that he/she sustained a “serious injury,” as that term is defined in Insurance Law § 5102 (d).
In support of the motion, the defendants have submitted, among other things, numerous affirmations from physicians in various specialties. In opposition, counsel for the plaintiffs has submitted only unaffirmed medical reports and test results and, in addition, failed to address arguments made by the defendants as to “gaps in treatment” and the failure to provide evidence of “recent” examinations supporting the serious injury claims made by each said plaintiff.
A review of the record reveals that the same attorney represents the plaintiff driver (Jose Tavarez) as well as the three passenger plaintiffs. Defendant Musah, in his answer, has interposed a counterclaim against plaintiff Jose Tavarez and cross claims against defendant Hill, and the defendant Hill has interposed cross claims against the Musah defendants.
Plaintiff Jose Tavarez had previously moved for summary judgment on the issue of liability, but this motion was denied *379 with leave to renew by order of Justice Schachner, dated September 28, 2007. The court’s records reflect that no additional motion on the issue of liability has been made and thus, there is a meaningful risk that counsel for plaintiffs may be burdened with a conflict of interest, since the issue of liability of each driver is yet to be determined, and, in this proceeding, the passenger plaintiffs may have interests adverse to those of their driver.
Discussion
An attorney who chooses to represent multiple parties in the same action will risk being held to have violated the Code of Professional Responsibility (and its applicable disciplinary rules) as well as being sanctioned for having engaged in a conflict of interest and, in addition thereto, suffering the indignity and cost of becoming a defendant in a malpractice action.
Code of Professional Responsibility EC 5-1 provides in part that “[t]he professional judgment of a lawyer should be exercised . . . solely for the benefit of the client and free of compromising influences and loyalties.” The Code’s disciplinary rules further provide as follows:
“Conflicts of Interest; Simultaneous Representation “(a) A lawyer shall decline proffered employment if the exercise of independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve the lawyer in representing differing interests, except to the extent permitted under subdivision (c) of this section.
“(b) A lawyer shall not continue multiple employment if the exercise of independent professional judgment in behalf of a client will be or is likely to be adversely affected by the lawyer’s representation of another client, or if it would be likely to involve the lawyer in representing differing interests, except to the extent permitted under subdivision (c) of this section.
“(c) In the situations covered by subdivisions (a) and (b) of this section, a lawyer may represent multiple clients if a disinterested lawyer would believe that the lawyer can competently represent the interest of each and if each consents to the representation after full disclosure of the implications of the simultaneous representation and the advan *380 tages and risks involved.
“(d) While lawyers are associated in a law firm, none of them shall knowingly accept or continue employment when any one of them practicing alone would be prohibited from doing so under section 1200.20 (a) , 1200.24 (a) or (b), 1200.27 (a) or (b), or 1200.45 (b) of this Part except as otherwise provided therein.” (Code of Professional Responsibility DR 5-105 [22 NYCRR 1200.24] [emphasis added].)
Even the “possibility” or “appearance” of conflict is prohibited. The Code’s disciplinary rules state that “[a] lawyer shall decline proffered employment if the exercise of professional judgment on behalf of a client will be or is likely ... to involve the lawyer in representing differing interests.” (Code of Professional Responsibility DR 5-105 [a] [22 NYCRR 1200.24 (a)] [emphasis added].) It has been noted that “The standards of the profession exist for the protection and assurance of the clients and are demanding; an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests.” (Graca v Krasnik, 20 Misc 3d 1127[A], 2008 NY Slip Op 51640[U], *3 [Sup Ct, Kings County 2008]; Rotante v Lawrence Hosp., 46 AD2d 199 [1st Dept 1974]; Edelman v Levy, 42 AD2d 758 [2d Dept 1973]; Sidor v Zuhoski, 261 AD2d 529, 530 [2d Dept 1999].)
Sanction Includes Forfeiture of Fees
If a conflict is found to exist, the sanction imposed will most likely include a forfeiture of all fees claimed or received for services rendered. (LaRusso v Katz, 30 AD3d 240 [1st Dept 2006]; Pessoni v Rabkin, 220 AD2d 732 [2d Dept 1995]; Alcantara v Mendez, 303 AD2d 337 [2d Dept 2003]; Sidor v Zuhoski, 261 AD2d 529 [2d Dept 1999]; Quinn v Walsh, 18 AD3d 638 [2d Dept 2005]; Shaikh v Waiters, 185 Misc 2d 52 [Sup Ct, Nassau County 2000]; Dorsainvil v Parker, 14 Misc 3d 397 [Sup Ct, Kings County 2006]; Ferrara v Jordache Enters. Inc., 12 Misc 3d 769 [Sup Ct, Kings County 2006]; Wolfram, Modern Legal Ethics § 7.3.3, at 353 [West 1986].) For discussion of dual representation in other contexts, see Greene v Greene (47 NY2d 447 [1979]) and Mullery v Ro-Mill Constr. Corp. (76 AD2d 802 [1st Dept 1980]).
Representation of Multiple Plaintiffs
In LaRusso v Katz (supra), counsel was sued (by his former client, the wife/passenger) for legal malpractice because of his representation of a husband/driver and wife/passenger as *381 plaintiffs in a tort claim arising out of a motor vehicle accident. In the underlying tort action the husband had separate counsel to defend him on the counterclaim brought by the direct defendant. However, despite this independent representation on the counterclaim, plaintiffs’ former counsel (Katz) was made the defendant in the malpractice claim because he allegedly, among other things, failed to advise his client (the wife/passenger) of the risks inherent in his representation of both husband and wife as plaintiffs and because he failed to pursue all claims available as a result of the alleged negligence of her husband. In the underlying tort action the wife/passenger, although seriously injured, was forced to settle for the sum of $10,000, i.e., the policy limits of the other vehicle. Among the malpractice claims made against Katz (the former attorney) was his failure to commence an action against the dealership which owned and had loaned the husband/driver the vehicle which he was driving. Thus, the dealership’s large insurance policy did not become potentially available to compensate the seriously injured wife/ passenger.
Representation of Multiple Defendants
In Graca, above, the court, sua sponte, found that an impermissible conflict existed where a defendant’s firm represented an individual driver as well as the leasing company from which this defendant had obtained the vehicle. The conflicted defense attorney had moved for summary judgment and dismissal of the complaint only as against the leasing company, which motion, if granted, would have left the individual driver solely responsible for any negligence attributable to his actions. In essence, the court found that the individual driver was left without a representative to argue in his best interest. The court stated: “Defendants’ attorneys cannot zealously represent both Defendants where they seek dismissal of the claims against one of the defendants they represent while the other has no independent advocate to oppose the motion which would result in their shouldering full liability.” (Graca, 2008 NY Slip Op 51640[U], *3.)
Client Consent Alone — Not a Defense
Reliance solely upon client waiver and consent as described in DR 5-105 (c) as justification for representation of a passenger and driver involved in a motor vehicle accident is insufficient and is, in any event, always hazardous. Subdivision (c) of DR 5-105 provides a two-prong test. It states that a lawyer may represent multiple clients (1) if any disinterested lawyer would *382 believe that the lawyer can competently represent the interest of each; and (2) after full disclosure of the implications of the simultaneous representation and the advantages and risks involved, each consents to the joint representation.
Consent is only one prong, and even then it is only effective after “full disclosure.” In any event, the first prong (the objective/disinterested lawyer requirement) must also be satisfied. The Court of Appeals has held that disclosure alone does not resolve the conflict issues created by dual representation. (Greene v Greene, 47 NY2d 447 [1979].) In Greene it was observed that “[b]ecause dual representation is fraught with the potential for irreconcilable conflict, it will rarely be sanctioned even after full disclosure has been made and the consent of the clients obtained” (Greene, 47 NY2d at 451-452). It must be noted that the phrase “disinterested lawyer,” as used in DR 5-105 (c) has been interpreted to mean “that a lawyer is not permitted to seek client consent to a conflict if a disinterested lawyer would advise the client to refuse consent, and that a client consent that is given is not valid if the objective test of a disinterested lawyer is not met.” (Shaikh, 185 Misc 2d at 56 [emphasis added]; see also Code of Professional Responsibility EC 5-16.)
Conflict Results in Total Disqualification
When a conflict exists, counsel is thereafter disqualified from representing anyone in the action. (Alcantara v Mendez, 303 AD2d 337 [2003]; Sidor v Zuhoski, 261 AD2d 529 [1999]; Quinn v Walsh, 18 AD3d 638 [2005]; Matter of H. Children, 160 Misc 2d 298 [Fam Ct, Kings County 1994].)
In Matter of H. Children (160 Misc 2d at 300), it was stated that “[a]n attorney who undertakes the joint representation of two parties in a lawsuit [should] not continue as counsel for either one after an actual conflict of interest has arisen.”
In Alcantara (303 AD2d at 338), it was explained that counsel’s “continued representation of the plaintiffs would result in a violation of either the ethical rule requiring an attorney to preserve a client’s confidences, or the rule requiring an attorney to represent a client zealously.” The Alcantara panel concluded (at 338), therefore, that “(counsel) is disqualified from continuing to represent any plaintiffs in this action.”
Entire Law Firm Disqualified
In addition, it should be observed that a disqualification of one attorney in a firm results in the disqualification of the entire firm. (Code of Professional Responsibility DR 5-105 [d] [22 *383 NYCRR 1200.24 (d)]; Greene, 47 NY2d at 453 [conflict of interest involving even one lawyer in a firm taints the entire firm]; Cardinale v Golinello, 43 NY2d 288 [1977]; see also Kassis v Teacher’s Ins. & Annuity Assn., 93 NY2d 611 [1999] [entire firm prohibited from representing defendant where one of its associates had previously been employed by plaintiffs firm, and had done work on instant litigation, although associate denied receiving any confidential information as part of that work]; Sidor v Zuhoski, 261 AD2d 529 [1999]; Ferrara v Jordache Enters. Inc., 12 Misc 3d 769 [2006]; Shaikh v Waiters, 185 Misc 2d 52 [2000].)
Rare Exceptions
It is extremely rare where dual representation does not pose an ethical and legal problem for counsel. (See Code of Professional Responsibility EC 5-15 [“(T)here are few situations in which the lawyer would be justified in representing in litigation multiple clients with potentially differing interests”].) One such instance, in a motor vehicle tort action with multiple plaintiffs, might be where liability has already been determined, and the plaintiff driver has been found to be free of fault. In such an instance, the interests of the plaintiff driver and passenger would no longer be in conflict. However, an attorney who undertakes to represent a driver and passenger, and thereafter fails to obtain summary judgment or a concession by the defendant on the issue of liability, will subject himself/herself to all of the adverse consequences discussed above. Moreover, it could result in a waste of limited judicial resources since a mistrial would be required if a conflict is “discovered” at trial, or worse, after an appeal is taken. .
Prudence dictates that an attorney should, at the very beginning, decline to represent multiple parties with potentially conflicting claims (see Greene v Greene, 47 NY2d 447 [1979], discussed supra).
Conclusion
The motion and cross motion are stayed pending a review of the “conflict of interest” issue. All parties are directed to appear before this court on February 19, 2009 at 9:30 a.m. for a conference and, if necessary, a hearing with reference to the possible existence of an irreparable conflict of interest in the representation of all four plaintiffs by one attorney.