Aron Stetter, J.
The complaint alleges in the first canse of action that on February 28, 1951, one Mayersohn as tenant rented the premises 216 West 95th Street from Newmont Realty Corp., the owner. On the same day plaintiff sublet the premises from Mayersohn. The term of the latter lease was 1951-1961 and it was registered. Pursuant to the terms of the lease plaintiff deposited $25,000 with Mayersohn to insure its performance and the lease provided that in the event of a sale by Mayersohn, she had the right to transfer the security for the benefit of plaintiff and same would constitute a discharge of Mayersohn. In 1953 Mayersohn’s lease and plaintiff’s sublease were modified in an agreement with the owner. In that agreement Mayersohn turned over the security to Newmont, the owner, and the latter assumed the same duties that Mayersohn previously had in regard to it. The complaint then alleges two subsequent sales by the terms of which the lease and the security were transferred and held by the purchaser. The second purchasers were these defendants. It is alleged that thereafter they conveyed the property but did not transfer lease or the security money. Two subsequent transfers of the property without transfers of the lease or security were alleged. It is *1082 further alleged that the lease has terminated pursuant to a final order of the Municipal Court. It is alleged that defendants used the security money to acquire the property. The second cause of action realleges these facts and alleges that defendants are attorneys and relief is sought against them pursuant to section 273 of the Penal Law.
It is not clear on the first cause of action whether plaintiff is proceeding under a debtor-creditor relationship or pursuant to section 253 of the Beal Property Law and section 1302-a of the Penal Law. If the former, there are certain difficulties arising from the wording of the agreement as to what persons would be bound. It is not necessary to consider these because in any event repayment is conditioned upon faithful performance of the lease by the tenant and this is not alleged. Considering the action as one based on the statutes, the obligations are placed on an owner who has received the security deposit from the tenant or from a prior owner. There is no allegation that the defendants received the said sum. What is alleged is that it was assigned to them. Just what this means is not clear. If it is intended to mean that the fund was handed over to them, that would be sufficient, but it should be set out.
The second cause of action is plainly insufficient. Section 273 of the Penal Law refers to transactions had by attorneys as attorneys. It does not purport to put an extra liability on a person sued merely because he happens to be admitted to the Bar.
The motion is granted with leave to plaintiff to serve an amended complaint on or before May 15, 1958.