# (January 10, 1984)

■ LEN FRANK et al., Appellants, v JULIEN & SCHLESINGER, P. C., et al., Respondents. — Order of the Supreme Court, New York County (K. Shorter, J.), entered on March 11, 1983, which granted defendants-respondents' motion for summary judgment dismissing the complaint, is unanimously reversed, on the law, the motion for summary judgment is denied, and the matter is remanded for trial, with costs. Defendants-respondents law firm were retained in 1974 by Woodbridge Plastics, Inc., a Delaware corporation, to handle certain contractual interference and antitrust claims. The thrust of the present complaint is that respondents neglected the matter, allowing the applicable Statutes of Limitations to run. Until 1976, plaintiffs-appellants Len Frank, Jean Frank and Florence Frank each owned 25% of the outstanding shares of Woodbridge Plastics. Plaintiff-appellant Duncan Harp is the sole beneficiary under the last will and testament of Raleigh Harp, who owned the remaining 25% of the shares of Woodbridge Plastics at that time. Len Frank was president of Woodbridge Plastics, Jean Frank vice-president, Raleigh Harp treasurer, and these three officers comprised the entire board of directors. In 1976, the Franks and Raleigh Harp sold all of their shares in Woodbridge Plastics to Prestige Extruded Products, Inc., pursuant to a purchase and sale agreement executed by the Franks and Harp, and by a representative of Prestige Extruded Products, Inc. That agreement contained the following express provision: "No bank accounts, no securities, other than the stock hereinabove referred to, no accounts receivable due, or any other claims or choses in action that Woodbridge Plastics, Inc. may have as of July 1, 1976 are included in this sale." Plaintiffs-appellants assert that the claim before us is a chose in action reserved to the sellers under the purchase and sale agreement. The complaint contains two causes of action. In the first cause, appellants assert that respondent negligently failed to bring the action within the limitation period. In the second cause, appellants assert a claim for treble damages under subdivisions 1 and 2 of section 487 of the Judiciary Law. In support of the second cause of action, appellants allege that the individual

respondent deceived appellants and, for his own gain, willfully delayed instituting suit in the matter entrusted to him. In support of this claim, appellants allege that respondent had negotiated a favorable settlement and realized a substantial fee in a similar case against the same defendants that appellants sought to sue, and that as part of that settlement, respondent agreed not to institute any similar actions on behalf of any other client against these same defendants. In November, 1978, according to the complaint, appellants discharged the respondent law firm and hired substitute counsel to pursue their claims. Successor counsel promptly initiated appellants' action by filing a summons and complaint, dated November 19, 1978, in the United States District Court for the Southern District of New York. The action was dismissed as untimely. (*Woodbridge Plastics v Borden, Inc.,* 473 F Supp 218, affd 614 F2d 1293.) Thereafter, appellants instituted the present action. Special Term granted respondents' motion for summary judgment, stating in its memorandum decision that plaintiffs-appellants lack standing to maintain the present action because any claim against respondents belongs to the corporate entity rather than the individual shareholders. However, it cannot be said that there is no issue of fact as to the meaning of the language in the purchase and sale contract. Further, it is not clear whether or not the individual plaintiffs retained or succeeded to the claim of the corporation. Concur — Murphy, P. J., Kupferman, Bloom, Kassal and Alexander, JJ.