■ MARIE PULICHINO, Appellant, v VICTOR PULICHINO, Respondent. — In an action for divorce on the grounds of cruel and inhuman treatment and abandonment, plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Geiler, J.), dated July 3, 1984, as granted defendant husband's motion to disqualify her attorney.

Order affirmed, insofar as appealed from, with costs.

Plaintiff's attorney, Charles P. Gallo, represented defendant and plaintiff's mother in the purchase of the marital premises, and in the subsequent transfer of that property solely into the mother's name. He was not involved in a third and final transfer of the premises into the names of plaintiff, defendant, and plaintiff's mother. Mr. Gallo did, however, draft an earlier antenuptial agreement between plaintiff and defendant.

On this record, it is difficult to see how Mr. Gallo can avoid being called as a witness "in circumstances where an unfavorable inference might be drawn from his failure to appear" (*Hempstead Bank v Reliance Mtge. Corp.*, 81 AD2d 906; *Presser v Spiegel & Sons Oil Corp.*, 106 AD2d 560; *see,* Code of Professional Responsibility, DR 5-101 [B]; DR 5-102 [A], [B]). Mr. Gallo's continued advocacy in this case would place him in the "unseemly situation where an advocate must argue his own credibility before the trier of fact" (*North Shore Neurosurgical Group v Leivy,* 72 AD2d 598, 599) and thus he must be disqualified from this case.

Plaintiff's claim that Mr. Gallo never became privy to any confidential information about defendant lacks merit, because "an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests" (*Cardinale v Golinello*, 43 NY2d 288, 296). Furthermore, the record shows a reasonable probability that confidential information will be disclosed in the course of litigation (*Greene v Greene*, 47 NY2d 447, 453).

Finally, it does not appear that defendant seeks disqualification merely as a tactic in the litigation process (*Lopez v Precision Papers*, 99 AD2d 507), nor that plaintiff will suffer any substantial hardship due to Mr. Gallo's disqualification (Code of Professional Responsibility, DR 5-101 [B] [4]). Lazer, J. P., Mangano, Gibbons and Rubin, JJ., concur.