■ DAVID HITZIG, Appellant, v BOROUGH-TEL SERVICE, INC., et al., Respondents. — Order of the Supreme Court, New York County (Seymour Schwartz, J.), entered May 11, 1984, denying plaintiff's motion for an order, among other things, for an immediate trial of the subject action and a disqualification of the law firm representing defendants, unanimously modified, on the law and the facts, to direct that the law firm representing defendants be disqualified from further representing them in this action and, except as so modified, affirmed, without costs.

Plaintiff and defendants Barsel and Steinberg were the sole owners of Borough-Tel Service, Inc. Borough-Tel operated a medical house-call service under the name of Doctors on Call. By agreement among the parties, plaintiff was designated chairman of the board of Borough-Tel while Barsel was named as president and Steinberg as vice-president. The salaries to be received by each were specified in the agreement.

Plaintiff alleges that on August 3, 1983, at a meeting of the directors called without notice, he was removed "for cause as an officer and employee of Borough-Tel Service, Inc.", effective as of midnight that day by a majority vote of the board of directors. One of the directors who participated in the meeting and voted to oust plaintiff was Philip A. Greenberg, a member of the firm of attorneys representing Borough-Tel and a member of the firm of attorneys representing the defendants in this action. Indeed, as a member of the board who participated in the meeting, he is a party defendant in this action.

Code of Professional Responsibility DR 5-101 (B) provides, in pertinent part: "A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness". DR 5-102 provides that an attorney who, after undertaking employment in contemplated or pending litigation, ascertains or it becomes obvious that he, or a lawyer in his firm, ought be called as a witness on behalf of his client or a party other than his client, shall withdraw as such attorney.

If nothing else, the various affidavits submitted by Greenberg, both in this action and in at least one other action flowing from Hitzig's discharge, demonstrate that he will be called and, indeed, ought be called as a witness either for his clients or on behalf of defendant. Furthermore, inasmuch as it is contended that plaintiff's discharge was "for cause", which inferentially warranted deviation from the express terms of the agreement among the principals of Borough-Tel, it is manifest that Greenberg will, in all probability, be called upon to explain the reason for his actions. In such circumstances, it would be improper for Greenberg, or his firm, to continue to represent defendants (*Hempstead Bank v Reliance Mtge. Corp.*, 81 AD2d 906).

With respect to the request for an immediate trial, plaintiff has shown no greater urgency than exists in the ordinary case. Accordingly, we hold that the branch of the motion seeking that relief was properly denied. Concur — Ross, J. P., Bloom, Fein and Kassal, JJ.