**NORTHERN TRUST BANK OF FLOR-IDA/SARASOTA, N.A., Ulla Searing and Barbara S. Gilanyi, as Co-Personal Representatives of the Estate of Arthur F. Searing, Plaintiffs,**

**v.**

**George F. COLEMAN, Defendant.**

**No. 85 Civ. 7986 (EW).**

United States District Court, S.D. New York.

April 16, 1986.

Rosen & Reade, New York City (David G. Tobias, of counsel), for plaintiffs.

Wood, Lucksinger & Epstein, New York City (Henry J. Fieldman and Frederick J. Berman, of counsel), for defendant.

## OPINION

EDWARD WEINFELD, District Judge.

Defendant George F. Coleman, an attorney, moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss plaintiffs' second cause of action and pursuant to Rule 12(f) to strike certain allegations in the complaint as scandalous, immaterial and impertinent. Plaintiffs move for leave to file an amended complaint.

Coleman, a New York lawyer, was retained in October 1982 by Arthur F. Searing, a Florida resident, to draft Searing's last will and testament. The will designated Coleman and Thomas J. Bond, who were not Florida residents, as co-executors and co-trustees, and contained a provision waiving compliance with Florida laws regarding their qualifications. Upon Searing's death in March 1983, Coleman and Bond were appointed co-personal representatives of Searing's estate by order of the Circuit Court, Sarasota County, Florida, Probate Division ("Florida Probate Court"). On August 24, 1983, Coleman was appointed ancillary executor for the estate in New York by the Surrogate's Court, Suffolk County, New York.

By petition dated January 20, 1985, Ulla Searing, the deceased's widow, petitioned the Florida Probate Court to have Coleman and Bond removed as personal representatives of the estate on the ground that they were not Florida residents and therefore were not qualified to serve as personal representatives. Shortly thereafter, Coleman and Bond petitioned the court to permit them to voluntarily resign as personal representatives. Their petition was grant-

ed on April 3, 1985. The Florida Probate Court appointed Northern Trust Bank of Florida/Sarasota, N.A., Ulla Searing and Barbara S. Gilanyi—the plaintiffs in this action—to replace Coleman and Bond as co-personal representatives. The attorneys representing the new personal representatives decided that the estate had a claim against Coleman for malpractice.

The plaintiffs' first cause of action charges that Coleman was negligent with respect to the legal advice he gave Searing and in his preparation of Searing's will in that the will failed to provide the estate with the maximum marital estate tax deduction permitted under federal and/or state law and failed to dispose of 3/13ths of Searing's remaining assets. The second cause of action, which Coleman now seeks to dismiss for failure to state a claim, alleges that Coleman, as the co-personal representative of Searing's estate in Florida and as the ancillary executor in New York, willfully delayed bringing suit against himself on the estate's behalf, with a view to his own gain, in violation of New York Judiciary Law § 487.

Upon a motion to dismiss a complaint for failure to state a claim, the court is required to accept plaintiff's allegations at face value, and must construe the allegations in the complaint in plaintiff's favor.[1] "The complaint may be dismissed only if 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[2]

Defendant's motion to dismiss the second cause of action is granted. Section 487 provides:

An attorney or counselor who:

2. Wilfully delays his client's suit with a view to his own gain ...

Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

■ Section 487 is aimed at actions by an attorney in his or her role *as an attorney*. The mere fact that a wrongdoer is an attorney is insufficient to impose liability for treble damages under section 487.[3] The complaint alleges that Coleman, in his capacity as personal representative and ancillary executor, willfully delayed bringing suit, not that Coleman, as attorney for the estate, failed to bring suit. Moreover, the allegations with respect to Coleman as an attorney are limited to the advice given Searing in Florida before his death and the drafting of Searing's will; they have nothing to do with Coleman's alleged willful delay of the suit for malpractice. Construing the allegations in the complaint in plaintiffs' favor, the Court nevertheless finds that the second cause of action fails to state a claim under section 487.

Plaintiffs move for leave to file an amended complaint adding the allegations that "[u]pon information and belief, Coleman acted as an attorney for the Estate in New York," and that Coleman willfully delayed bringing suit against himself in his capacity, not only as personal representative and ancillary executor, but also as

---

1. *See Rapf v. Suffolk County of New York,* 755 F.2d 282, 290 (2d Cir.1985); *see also Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54, 57 (2d Cir.1985); *Heit v. Weitzen,* 402 F.2d 909, 913 (2d Cir.1968), *cert. denied,* 395 U.S. 903, 89 S.Ct. 1740, 23 L.Ed.2d 217 (1969); *Klein v. Computer Devices, Inc.,* 591 F.Supp. 270, 276 (S.D.N.Y.1984). While the parties have submitted affidavits and exhibits that go beyond the face of the pleadings, they have not been considered by the Court in deciding defendant's motion pursuant to Rule 12(b)(6).

2. *Rapf v. Suffolk County of New York,* 755 F.2d 282, 290 (2d Cir.1985) (quoting *Conley v. Gibson,*

355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Hishon v. King & Spaulding,* 467 U.S. 69, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54, 58 (2d Cir.1985); *Wade v. Johnson Controls, Inc.,* 693 F.2d 19, 22 (2d Cir. 1982).

3. *See 216 Garage, Inc. v. Roth,* 12 Misc.2d 1081, 174 N.Y.S.2d 478, 479 (Sup.Ct.1958) (interpreting predecessor statute), *motion dismissed,* 7 A.D.2d 841, 184 N.Y.S.2d 561 (1st Dep't 1959); *see also Schertenleib v. Traum,* 589 F.2d 1156, 1159 (2d Cir.1978).

attorney in New York. Thus, plaintiffs seek to correct the defect in their complaint.

■ While fully mindful of the requirement that leave to amend pleadings must be liberally granted, especially in cases where no prejudice or undue delay would result from the amendment,[4] futile amendments need not be permitted.[5] Accepting as true, as it must, the allegation that Coleman was acting as an attorney for the estate in New York, the Court finds that the second cause of action in plaintiffs' amended complaint fails to state a claim for relief under section 487 and therefore is futile.

Plaintiffs' attempt to use section 487 to seek treble damages from an attorney who allegedly delayed a suit *against himself* for malpractice presents a case of first impression in New York. The parties have not cited, nor has the Court's research disclosed, any cases in which an attorney has been sued for willfully delaying a suit against anyone other than a third party.[6] This Court is unwilling to assume that the New York Court of Appeals, if confronted with this question, would construe section 487 to permit a client to sue his attorney for the attorney's willful delay in suing himself for malpractice. There is nothing to suggest or indicate that the New York Legislature intended that such actions be brought under section 487.

Existing cases construing section 487 concern circumstances in which an attorney is retained for the purpose of bringing a suit against a third party but willfully delays the suit. Coleman was not retained by the deceased to commence an action against any party. His retention was solely for the purpose of drafting Searing's last will and testament, which he did. Similarly, there is no allegation in the complaint or the proposed amended complaint that Coleman was retained by the estate as its attorney in New York for the purpose of instituting suit against himself or any third party.

■ Construing section 487 to permit plaintiffs to proceed with their second cause of action would make treble damages available as a matter of course in most, if not all, legal malpractice actions. Simply by pleading that the attorney failed to sue himself for the alleged malpractice, plaintiffs in legal malpractice actions would state a claim for treble damages under section 487. Presumably most attorneys are in a better position than their clients to know whether the client should sue for legal malpractice. Absent clarification by the New York State Legislature or the New York Court of Appeals, this Court is unwilling to reach that result.

The Court's conclusion is reinforced by the fact that plaintiffs' application of section 487 might require an attorney to breach his ethical obligations under the Code of Professional Responsibility.[7] It is difficult to conceive of a situation more fraught with ethical problems than one in which an attorney represents the client in a suit against himself. A client is entitled to rely upon his attorney's " 'undivided allegiance and faithful, devoted service.' "[8] This principle underlies our adversary system of justice and, indeed, our entire struc-

**4.** *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

**5.** *See id.; Kaster v. Modification Sys., Inc.,* 731 F.2d 1014, 1018–19 (2d Cir.1984); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 42 (2d Cir.1979); *Freeman v. Marine Midland Bank-New York,* 494 F.2d 1334, 1338 (2d Cir.1974); *Valdan Sportswear v. Montgomery Ward & Co.,* 591 F.Supp. 1188, 1190 (S.D.N.Y. 1984).

**6.** *See, e.g., Frank v. Julien & Schlesinger,* 99 A.D.2d 426, 470 N.Y.S.2d 388 (1st Dep't 1984).

**7.** "The Code has been adopted by the New York State Bar Association, and its canons are recognized by both Federal and State Courts as appropriate guidelines for the professional conduct of New York lawyers." *Cinema 5, Ltd. v. Cinerama, Inc.,* 528 F.2d 1384, 1386 (2d Cir. 1976).

**8.** *Cinema 5, Ltd. v. Cinerama, Inc.,* 528 F.2d 1384, 1386 (2d Cir.1976) (quoting *Von Moltke v. Gillies,* 332 U.S. 708, 725, 68 S.Ct. 316, 324, 92 L.Ed. 309 (1948)).

**652**

ture of legal representation. Thus, an attorney is precluded from representing a client where the attorney has a direct interest in the subject matter of the litigation, whether it is a personal, business or financial interest.[9] A lawyer may not place himself in a position where he is subject to extraneous pressures or compromising influences and must not even appear to advance conflicting interests.[10]

An attorney has financial, personal and professional interests at stake when being sued for malpractice. If the attorney represents a client in a suit against himself, the attorney places himself in a position in which his interests directly conflict with those of his client. It is clear that Coleman's interest in not being sued for malpractice and in defending himself against the charges of malpractice squarely conflict with the plaintiffs' desire to recover from Coleman for what they contend was his negligence.

Moreover, an attorney must not represent a client if the attorney is likely to be called as a fact witness.[11] Here, since the will Coleman drafted for Searing and his advice to Searing are at the heart of plaintiffs' action for malpractice, it is very likely that Coleman will be a critical fact witness at trial. If Coleman is acting as attorney for the estate in New York, as alleged in the proposed amended complaint, his testimony could open the door on confidential discussions between the estate's represent-

atives and Coleman or between Coleman and the deceased.

■ Plaintiffs' attempt to gain treble damages under section 487 fails on the facts of this case. Construing both the complaint and the proposed amended complaint in the light most favorable to their claim, plaintiffs cannot recover under section 487 for Coleman's delay in initiating suit against himself. As noted above, he was not retained for this purpose nor does section 487 apply to such actions. Accordingly, defendant's motion to dismiss the second cause of action is granted and plaintiffs' motion for leave to file an amended complaint is denied.

Defendant's motion to strike as scandalous, immaterial and impertinent paragraphs 14, 19, 20, 21, 22 and 23 of the complaint is denied. The language of these paragraphs is not scandalous nor has defendant shown that the paragraphs bear no relationship to the controversy.[12]

So ordered.

**9.** See *Greene v. Greene,* 47 N.Y.2d 447, 452, 418 N.Y.S.2d 379, 382, 391 N.E.2d 1355, 1358 (1979); *see also* New York Code of Professional Responsibility DR5–101; EC5–2.

**10.** See *Cinema 5, Ltd. v. Cinerama, Inc.,* 528 F.2d 1384, 1386 (2d Cir.1976); *Glueck v. Jonathan Logan, Inc.,* 512 F.Supp. 223, 225 (S.D.N.Y.), *aff'd,* 653 F.2d 746 (2d Cir.1981); *Greene v. Greene,* 47 N.Y.2d 447, 451, 418 N.Y.S.2d 379, 381, 391 N.E.2d 1355, 1357 (1979); *Cardinale v. Golinello,* 43 N.Y.2d 288, 296, 401 N.Y.S.2d 191, 195, 372 N.E.2d 26, 30 (1977); *see also* New York Code of Professional Responsibility EC5–1, 5–14.

**11.** See *Hitzig v. Borough-Tel Serv., Inc.,* 108 A.D.2d 677, 485 N.Y.S.2d 541 (1st Dep't 1985);

*Pulichino v. Pulichino,* 108 A.D.2d 803, 485 N.Y.S.2d 318 (2d Dep't 1985); *North Shore Neurological Group v. Leivy,* 72 A.D.2d 598, 421 N.Y.S.2d 100 (2d Dep't 1979); *see also* New York Code of Professional Responsibility DR5–101; EC5–9, 5–10.

**12.** See *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2d Cir.1976); *Beth Israel Medical Center v. Smith,* 576 F.Supp. 1061, 1072 n. 23 (S.D.N.Y.1983); *Gleason v. Chain Serv. Restaurant,* 300 F.Supp. 1241, 1257 (S.D.N.Y. 1969), *aff'd,* 422 F.2d 342 (2d Cir.1970); *Federated Dept. Stores, Inc. v. Grinnell Corp.,* 287 F.Supp. 744, 747 (S.D.N.Y.1968); *Mitchell v. Hart,* 41 F.R.D. 138, 143 (S.D.N.Y.1966); *Fleischer v. A.A.P., Inc.,* 180 F.Supp. 717, 721–22 (S.D. N.Y.1959).