■ JAMES HABER, Individually and as Father and Natural Guardian of CLAUDIA J. HABER and Another, Infants, Appellant, v RONALD H. KISNER, Respondent. [680 NYS2d 233] —Order, Supreme Court, New York County (Carol Huff, J.), entered April 23, 1997, which granted defendant's motion to dismiss the second cause of action for treble damages under Judiciary Law § 487 for failure to state a cause of action, and order, same court and Justice, entered January 15, 1998, which granted defendant's motion for summary judgment dismissing the first cause of action for breach of fiduciary duty, dismissed the complaint, and, insofar as appealable, denied plaintiff's cross motion to renew the prior order, unanimously affirmed, with costs.

We agree with the IAS Court that plaintiff's claims of disloyalty are speculative at best, based as they are on defendant's rejection of a transaction that even now, after considerable litigation, remains unclear as to exactly how it was supposed to work. While the proposed new mortgagee supposedly agreed to enforce only $250,000 of what was to be a $450,000 replacement mortgage on the trust property, the balance of the mortgage was to remain an encumbrance on the property, and presumably could have been assigned. In contrast, the settlement agreement to which defendant adhered covered all issues between the interested parties, and, most importantly, clearly set forth the consequences of a default in the payment of the mortgage (*see, Matter of Bankers Trust Co.*, 219 AD2d 266, 273, *lv dismissed* 87 NY2d 1055). The second cause of action based on Judiciary Law § 487 was properly dismissed since defendant was sued in the foreclosure action as trustee, and responded in that capacity (*see, Northern Trust Bank v Coleman*, 632 F Supp 648, 650). The motion to renew

was also properly denied (*see, Glasburgh v Port Auth.*, 193 AD2d 441). Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.