■ In the Matter of the Estate of EDMUND J. McCORMICK, Deceased. BANKERS TRUST COMPANY, Appellant; SUZANNE McCORMICK et al., Respondents. [730 NYS2d 880] —In an accounting proceeding, the petitioner appeals from (1) stated portions of a decision of the Surrogate's Court, Westchester County (Emanuelli, S.), dated February 24, 2000, and (2) so much of an order of the same court, dated April 10, 2000, entered upon the decision, as granted that branch of the respondents' motion which was to compel it to produce certain documents and witnesses to respond to deposition questions.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The attorney-client privilege may not be raised to prevent disclosure of communications relevant to the common interest of former joint clients in subsequent litigation (*see, Wallace v Wallace,* 216 NY 28, 35; *Matter of Friedman,* 64 AD2d 70, 84; 58A NY Jur 2d, Evidence and Witnesses, § 876). The appellant and the objectant Suzanne McCormick were both executors of the estate of Edmund J. McCormick. The law firm of White and Case represented the estate and the executors. Notwith-

standing Suzanne McCormick's earlier expressions of dissatisfaction with the manner in which the appellant was discharging its responsibilities, the Surrogate providently exercised his discretion in determining that their joint-client relationship with White and Case continued until June 17, 1997, when she retained the law firm of Reid & Priest to represent her interests and those of the other relevant objectants. It then became clear that the interests of the appellant and Suzanne McCormick diverged. Accordingly, the Surrogate properly directed the appellant to produce the relevant documents and respond to all relevant deposition questions relating to matters before June 17, 1997.

The appellant's remaining contentions are without merit. Altman, J. P., Krausman, S. Miller and Florio, JJ., concur.