OPINION OF THE COURT
Louise Gruner Gans, J.
In this action plaintiffs sue defendant law firm for legal malpractice and assert a separate claim for damage against an individual partner, Felice Ekelman, pursuant to Judiciary Law § 487 (1). Judiciary Law § 487 (1) allows an injured party to re *81 cover treble damages from an attorney, if he or she “[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with the intent to deceive the court or any party.”
Defendant Ekelman moves to dismiss the section 487 (1) claim asserted as a third cause of action in the complaint on the ground that the allegations against her do not involve actions by her as an attorney, when she is alleged to have testified falsely at a deposition. In support of her motion, defendant cites, inter alia, Northern Trust Bank of Fla. /Sarasota, N.A. v Coleman (632 F Supp 648 [SD NY 1986]); Haber v Kisner (255 AD2d 223 [1st Dept 1998]); and 216 Garage v Roth (12 Misc 2d 1081 [Sup Ct, NY County 1958], mot to dismiss appeal denied 7 AD2d 841 [1959]).
The deposition testimony given by Ms. Ekelman was in the context of an ongoing lawsuit against the plaintiffs in the United States District Court for the Southern District of New York by plaintiffs’ former employees, alleging plaintiffs’ violation of the Fair Labor Standards Act, Poltz v NYAT. Maintenance Corp. In that action, plaintiffs asserted a defense of good faith, in that they acted on the advice of their counsel (defendants here) that they were exempt from certain Fair Labor Standards Act and other statutory requirements and that their counsel had presented that position to various government agencies.
At her deposition Ms. Ekelman denied or did not recall providing the alleged advice and representation. In this action, plaintiffs claim that Ms. Ekelman’s deposition testimony was intentionally false and perjurious and damaged them in the Poltz action.
In their third cause of action plaintiffs allege that Ms. Ekel-man testified at her examination before trial (EBT) both in her individual capacity and as an attorney. Defendants’ motion is denied. Unlike the cases cited by defendants, there is not a clear separation of the two roles in Ms. Ekelman’s testimony and the context in which it was taken. She testified as an attorney about her work as an attorney, for example, when she referred to questions as calling for disclosure of confidential attorney-client communications, and when she characterized the legal advice she gave. Although defendant law firm, including Ms. Ekelman, no longer represented plaintiffs at the time of her deposition, she nevertheless had continuing obligations to them arising out of her role as an attorney. The question of waiver of the attorney-client privilege was repeatedly raised at the EBT by her counsel, and involved Ms. Ekelman as an attorney.
*82 Ms. Ekelman’s deposition was given in a pending judicial proceeding and if it was intentionally deceitful or perjurious, its purpose had to be to deceive the court, and other requirements of Judiciary Law § 487 (1) were satisfied to that extent. (See Gelmin v Quicke, 224 AD2d 481 [2d Dept 1996]; Henry v Brenner, 271 AD2d 647 [2d Dept 2000].)
Defendant also argues that Judiciary Law § 487 (1) does not apply to a single incident of attorney misconduct. Absent guidance from New York appellate courts, the court finds this argument unpersuasive where lying under oath is alleged.
Accordingly, defendant’s motion to dismiss plaintiffs’ third cause of action is denied.