OPINION OF THE COURT
Robert J. Miller, J.
Defendant/third-party plaintiff, AWL Industries Inc. (AWL), moves for an order, pursuant to Code of Professional Responsibility DR 5-102, DR 5-105 and DR 5-108 (22 NYCRR 1200.21, 1200.24, 1200.27),* to disqualify Neil B. Connelly, Esq., and the law firm of Neil B. Connelly, Esq., EL.L.C. (collectively the Connelly law firm) from representing third-party defendant Nova Casualty Company (Nova) in the instant action, on the ground that the prior dual representation by the Connelly law firm of AWL and Nova in a related action compels disqualification with respect to its current representation of Nova in the case at bar. AWL also seeks the imposition of costs and sanctions against the Connelly law firm and an order compelling Neil B. Connelly, Esq., to appear for a deposition. Nova opposes the motion on *239 the grounds that AWL has failed to establish that the Connelly law firm previously represented both AWL and Nova on a matter that could be construed as “substantially related” to the instant action, no confidential information was revealed to the Connelly law firm by AWL during such prior representation and there is insufficient evidence to demonstrate that attorney Neil B. Connelly ought to be called as a witness in the action at bar.
In support of its motion for disqualification, AWL submits the affidavit of its president, Robert Pavlovich, which asserts that the Connelly law firm’s prior representation of both AWL and Nova occurred when AWL (as obligee) in a construction contract for Kings County Hospital called upon Nova (as surety) to complete a subcontract where the principal had defaulted. Nova retained Nelson Air Device Corp. (Nelson) to do the labor required by the subcontract. On or about October 31, 2006, Nelson commenced litigation entitled Nelson Air Device Corp. v Nova Casualty Company, AWL Industries Inc., Dormitory Authority of the State of New York, the State of New York, Liberty Mutual Insurance Company and Bradshaw Mechanical Company, Inc. (the Nelson action).
In the Nelson action, Nova had agreed to provide AWL with a defense and the Connelly law firm appeared on behalf of both AWL and Nova.
In connection with the Nelson action, Nova, AWL and Liberty Mutual Insurance Company (Liberty Mutual) entered into an indemnity agreement dated March 2007. Pursuant to the agreement, Liberty Mutual and Nova (but not AWL) mutually agreed “to waive the potential conflict of interest that may exist” by reason of the Connelly law firm’s representing Nova and Liberty Mutual.
On or about December 15, 2006, the Connelly law firm interposed an answer in the Nelson action on behalf of AWL, Nova and Liberty Mutual.
While still representing AWL in the Nelson action and without obtaining the consent of AWL, the Connelly law firm on June 6, 2008 filed on behalf of Nova a motion to dismiss AWL’s third-party complaint which had been interposed against Nova in the instant action.
Rule 1.7 (“Conflict of interest: current clients”) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides:
“(a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer *240 would conclude that either:
“(1) the representation will involve the lawyer in representing different interests; or “(2) there is a significant risk that the lawyer’s professional judgment on behalf of a client will be adversely affected by the lawyer’s own financial, business, property or other personal interests.
“(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
“(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
“(2) the representation is not prohibited by law;
“(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and “(4) each affected client gives informed consent, confirmed in writing.”
Here, for a period of approximately two years, in violation of rule 1.7 (b) (3) of the Rules of Professional Conduct, the Connelly law firm represented the interests of Nova in an adverse capacity against the interest of its other client, AWL, without the permission of AWL.
In February 2009, this clear conflict ended when the Connelly law firm was substituted as counsel for AWL by another firm in the Nelson action.
Mr. Pavlovich also states: “I had several discussions with Mr. Connelly and other attorneys with his firm regarding AWL’s defense in the Nova action”; that certain litigation decisions were made; and that Mr. Connelly never advised AWL that a conflict might arise.
In opposition to the instant motion, Nova submits the affidavits of two associates of the Connelly law firm, Aaron A. Mitchell, Esq., and Sharon M. Edwards, Esq., as well as the affidavit of the firm’s principal, Neil B. Connelly, Esq.
With respect to the Connelly law firm’s representation of both Nova and AWL, Mr. Mitchell asserts that at the time the Connelly law firm was representing AWL in the Nelson action that AWL tendered its defense and permitted representation knowing that the firm was counsel to Nova in many other related actions and that during the representation “no propri *241 etary information was exchanged.” Mr. Mitchell states that the Nelson action was for breach of contract and is unrelated to this indemnification action with entirely different legal theories and strategies.
In her affidavit, Ms. Edwards describes the prior dual representation of Nova and AWL by the Connelly law firm, stating that the Connelly law firm never received privileged or confidential documents from AWL during discovery or at any time; that confidentiality was never claimed with regard to any discovery phase of the Nelson action; that subsequently the Connelly law firm perceived that AWL and Nova may have differing contract issues and advised Nova it should substitute counsel for itself and AWL.
In addition, Mr. Connelly, the principal of the Connelly law firm, submits an affidavit concerning his firm’s representation of Nova and AWL in the Nelson action, stating that he did not receive any confidential communication from AWL in defending the Nelson action and that his joint representation of Nova and AWL was taken with the knowledge and consent of AWL.
Mr. Connelly in his affidavit also asserts that the claims in the Nelson action are completely unrelated to any issues pending in this personal injury action by Caravousanos, because the claims by AWL against Nova are for contractual indemnity under a written agreement which the Connelly law firm did not negotiate or execute.
With respect to Nova’s motion to dismiss the third-party claims asserted against it by AWL, this court denied said motion by order and decision dated January 29, 2009. The court based said denial, in relevant part, upon the following reasoning:
“Here, the court finds multiple ambiguities in the contracts identified by the parties as relevant to the instant third-party action and, therefore, cannot find that the action is subject to dismissal. . . . “From the . . . terms of the Bond and Subcontract it is not clear, without reference to extrinsic evidence, whether the intent of the parties was to limit the obligations of the surety to remedy the actual performance-of-work default of Cole [Mechanical Corp.] or to extend such obligations to encompass Cole’s duties under the subcontract of indemnification or procurement of insurance naming AWL as an additional insured. Neither party has identified authority definitively establishing that the incorpo *242 ration by reference of a subcontract into a performance bond is either automatically limited to performance-of-work clauses contained in the subcontract or also encompasses indemnification and insurance clauses found therein. . . .
“[T]he submission of [documentary evidence by the parties] has merely served to highlight the ambiguities of the contracts and agreements relied upon, particularly when read in conjunction with one another, and the factual questions presented by same which, in this court’s view, necessitate further discovery in aid of resolution.” (Caravousanos v Kings County Hosp., 22 Misc 3d 1117[A], 2009 NY Slip Op 50156[U], *6-8 [2009].)
“The disqualification of an attorney is a matter that rests within the sound discretion of the court” (Nationwide Assoc. v Targee St. Internal Medicine Group, 303 AD2d 728, 728 [2003]). The simultaneous representation of AWL and Nova in an adverse capacity was a violation of rule 1.7 of the Rules of Professional Conduct. (Quinn v Walsh, 18 AD3d 638 [2d Dept 2005]; Alcantara v Mendez, 303 AD2d 337 [2d Dept 2003].) As such, an appropriate remedy, even though the representation has now ceased, is the disqualification of the Connelly law firm from continued representation of Nova in this action. (Sidor v Zuhoski, 261 AD2d 529 [2d Dept 1999].)
In any event, even if the court were to accept the argument of the Connelly law firm that the rules with respect to former clients apply, disqualification is warranted. It is well settled that “[a] party seeking to disqualify an attorney or a law firm, must establish (1) the existence of a prior attorney-client relationship and (2) that the former and current representations are both adverse and substantially related” (Solow v Grace & Co., 83 NY2d 303, 308 [1994]; see also Falk v Chittenden, 11 NY3d 73, 78 [2008]; Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d 631, 636 [1998]; Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996]). Although neither the Court of Appeals nor the Appellate Division, Second Department (see Bloom v St. Paul Travelers Cos., Inc., 24 AD3d 584, 586 [2005]) have issued definitive rulings concerning the scope of the term “substantially related,” the First Department has variously stated that the prior attorney-client relationship at issue either must have involved issues that are “identical to” or “essentially the same” as those presented in the litigation at bar (Lightning Park v Wise Lerman & Katz, 197 AD2d 52, 55 [1994]), or, more liber *243 ally, that the “substantial relationship” prong is satisfied where the former and present matters share a “common subject matter” (Anonymous v Anonymous, 262 AD2d 216, 216 [1999]). Therefore, the mere representation at an earlier time of one of the contesting litigants does not constitute a bar to present representation of the other litigant (District Council 37 v Kiok, 71 AD2d 587 [1st Dept 1979]). Furthermore, disqualification generally is not warranted unless there is a reasonable probability of disclosure of confidential information obtained as a result of the prior representation (NYK Line [N. Am.] v Mitsubishi Bank, 171 AD2d 486, 488 [1991]). It is not essential, however, that the prior client establish that confidential information will necessarily be disclosed in the course of the litigation (Narel Apparel v American Utex Intl., 92 AD2d 913, 914 [1983]). A reasonable probability of disclosure should be sufficient {id.). Courts will infer the “reasonable probability of disclosure of confidences” from the particular nature of the past and present representations at issue (see Forbush v Forbush, 107 AD2d 375, 379-380 [1985]).
In addition, it is well settled that an attorney who, after undertaking employment in pending litigation, ascertains, or it becomes obvious that he or she, or a lawyer in his or her firm, “ought to be called” as a witness on behalf of either his or her client or another party, is constrained to withdraw as counsel {see Hitzig v Borough-Tel Serv., 108 AD2d 677, 678 [1985], appeal dismissed 65 NY2d 784 [1985]; see also Talvy v American Red Cross in Greater N.Y., 205 AD2d 143, 152 [1994], affd 87 NY2d 826 [1995]). In such a case, a finding that the attorney’s testimony is necessary is required, and the attorney’s mere relevant knowledge or involvement in a transaction central to the litigation is not determinative {Hitzig, 108 AD2d at 678). When making a determination as to the necessity of an attorney’s testimony, such factors as the significance of the matter in which he or she was involved, weight of the testimony, and availability of other evidence must be considered {id.). Here, the Connelly law firm concedes that it represented both Nova and AWL in the Nelson action prior to being substituted by other counsel and that the interests of AWL and Nova in the present action are irrefutably adverse. However, it contends that the Nelson action and the present indemnification action are not substantially related and no confidences of AWL were transmitted to the Connelly law firm during the course of its representation of AWL in the Nelson action. The Nelson action involved a claim *244 for payment brought by Nelson pursuant to the completion contract and as against AWL and Nova. The gravamen of the instant third-party claims asserted against Nova by AWL is that Nova is obligated to indemnify AWL for certain acts of negligence arising out of work performed by Nelson, as completion contractor on the subject project, pursuant to the performance bond issued by Nova in favor of AWL. Although said actions diverge as to the parties asserting and/or defending claims and the legal theories asserted, the salient link between the two cases is the completion contract and the obligations of AWL, Nova and Nelson pursuant to same. Given the centrality of this document to both actions, the court finds that there is a reasonable probability that confidential communications may have been relayed from AWL to the Connelly law firm, during the Nelson action, concerning the terms of said contract and the concomitant obligations of the parties created by same, as well as the underlying default of Cole and the intent of AWL with respect to Nova’s obligations under the subject performance bond. Indeed, the Connelly law firm concedes that during the course of its dual representation of both Nova and AWL, certain information emerged as to the possibility of conflicting claims or defenses as between Nova and AWL which resulted in the Connelly law firm’s withdrawal from its representation of either party in the Nelson action. Accordingly, unlike actions where both parties share a common interest and, therefore, information divulged by such parties during the course of such actions is not construed as confidential with respect to the jointly-represented parties, even if the interests of such parties diverge in subsequent litigation (see generally Matter of McCormick, 287 AD2d 457, 457 [2001]; Finn v Morgan, 46 AD2d 229, 235 [1974]), the adversity of the interests of AWL and Nova were identified by the Connelly law firm during the course of the Nelson action, and the Connelly law firm withdrew as counsel for both parties based upon said parties’ “differing positions with respect to contract issues.” Accordingly, it appears that the conversations between AWL and the Connelly law firm and the documents produced during the Nelson action were not relevant to a common interest of AWL and Nova, but rather revealed the adversity of the parties’ positions related to, among other contractual matters, the completion contract and the parties’ respective obligations thereunder.
The court is mindful that “[a] party’s entitlement to be represented in ongoing litigation by counsel of his or her own choos *245 ing is a valued right which should not be abridged absent a clear showing that disqualification is warranted,” and “[t]he party seeking to disqualify a law firm or an attorney bears the burden on the motion” (Aryeh v Aryeh, 14 AD3d 634, 634 [2005]; see also Petrossian v Grossman, 219 AD2d 587, 588 [1995]). In addition, such motions must be scrutinized by the court in light of their potential to be used to delay, or gain a strategic advantage in, pending litigation (see generally Tekni-Plex, Inc., 89 NY2d at 131-132). The court is also cognizant, however, of the long-standing principle that “the court may disqualify an attorney not only for acting improperly, but also to avoid the appearance of impropriety” (Solomon v New York Prop. Ins. Underwriting Assn., 118 AD2d 695, 695 [1986]; see also Sellouk v USAA, 166 AD2d 641, 642 [1990]). Indeed,
“[t]hat the attorney in question may not have obtained confidential information from plaintiffs during his earlier representation of them did not render his disqualification inappropriate, since plaintiffs were entitled to be free from the apprehension, naturally arising under the circumstances at bar, that the prior representation would inure to their current adversaries’ advantage” (Decana Inc. v Contogouris, 27 AD3d 207 [2006]).
Moreover, any doubts as to the existence of a conflict must be resolved in favor of disqualification (see Sirianni v Tomlinson, 133 AD2d 391, 392 [1987], lv dismissed 74 NY2d 792 [1989]).
Given that the court previously determined that “the ambiguities of the contracts and agreements relied upon, particularly when read in conjunction with one another, and the factual questions presented by same . . . necessitate further discovery” (Caravousanos, 2009 NY Slip Op 50156[U], *8) in the indemnification action, thereby precluding the court’s interpretation of such contracts as an issue of pure law, extrinsic evidence of the parties’ intent vis-á-vis such documents is highly relevant. Therefore, the possibility that confidential information concerning AWL’s intent with respect to same may have been divulged to the Connelly law firm in the context of the Nelson action, coupled with the centrality of the completion contract, and its interpretation, to both actions which provides, in this court’s view, at the very least, common subject matter arguably sufficient to demonstrate that the actions are “substantially related,” support the disqualification of the Connelly law firm from representing Nova in the instant action.
*246 In addition, the court also finds that the “attorney-witness” rule warrants the disqualification of the Connelly law firm. It has been held that an attorney who has negotiated and drafted an agreement, and may have knowledge of the intent of the parties with respect to such document where said document was adjudged to be ambiguous, “ought to be called” as a witness since it is likely that his or her testimony will be necessary (see Brunette v Gianfelice, 171 AD2d 719, 720 [1991]; cf. S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 446 [1987] [finding that attorney’s testimony was not material or necessary because “there was no occasion to go behind the various agreements to determine their intent, the issues raised under the agreements being solely questions of law”]). Here, Neil B. Connelly, Esq., executed the completion contract on behalf of Nova and the inference is that he played a role in negotiating and/or drafting same. Accordingly, he ought to be called as a witness by either Nova or AWL with respect to the intentions of the parties to the completion contract and the relation of same to the intentions of Nova and AWL with respect to the subcontract and related performance bond. Accordingly, the “attorney-witness” rule also precludes the Connelly law firm’s continued representation of Nova in the instant action.
As a result, the motion to disqualify the Connelly law firm from representing Nova in the instant action is granted. Nova shall have 60 days from the date of this decision and order to substitute counsel for the Connelly law firm. The motion to sever by Nova currently pending is denied without prejudice with leave to renew when new counsel is substituted. The court denies that portion of AWL’s motion seeking costs and fees, as AWL has not demonstrated that it is entitled to same as a sanction. It further denies that portion of AWL’s motion which seeks to compel the deposition of Neil B. Connelly, Esq., as premature given that it has not demonstrated that said deposition has been noticed or that Mr. Connelly has objected to, or otherwise refused to comply with, same.

 AWL cites to former part 1200 of 22 NYCRR (Disciplinary Rules of the Code of Professional Responsibility) which has been superceded effective April 1, 2009 by the Rules of Professional Conduct (22 NYCRR 1200.0) which were promulgated as Joint Rules of the Appellate Divisions of the Supreme Court. The new rules are rule 3.7, “Lawyer as witness”; rule 1.7, “Conflict of interest: current clients”; rule 1.8, “Current clients: specific conflict of interest rules”; rule 1.9, “Duties to former clients.”