OPINION OF THE COURT
Anthony A. Scarpino, Jr., J.
Incident to this contested probate proceeding are two motions: (i) by John Sebastian Vaneria, Esq., as guardian ad litem *690 (GAL) for Olivia McElroy, to disqualify proponent’s counsel on several grounds including a conflict with his ward; and (ii) by proponent’s counsel, a cross motion to terminate the appointment of the GAL.
Mary D. McElroy (decedent) died testate on March 11, 2011 at the age of 91. She was survived by one child, Olivia McElroy. Under her will dated November 18, 2010, decedent gave her personal property to Olivia, $6,000 to Children International, $10,000 to Mary Jane Canale, the proceeds of an insurance policy to a trust created for the benefit of her two grandchildren Claire Olivia DeLeo and John Anthony DeLeo (Olivia’s children), and disposed of her residuary estate in three shares, as follows: one share to the trust for Claire and John; and the other two shares to a supplemental needs trust for the benefit of Olivia. Frank M. Headley, Jr., Esq. is the nominated executor and trustee.
Following decedent’s death, Mr. Headley filed a probate petition. Olivia is a person under a disability having suffered severe strokes in September 2010. Because Olivia’s interest is greater in intestacy, the GAL was appointed for her in this proceeding. Preliminary letters testamentary have issued to Mr. Headley.
Mr. Headley has represented members of the McElroy family for over 20 years during which time he was either a partner or of counsel to Bertine, Hufnagel, Headley, Zeltner, Drummond & Dohn, LLP (the firm). Mr. Headley drafted wills for decedent’s predeceased husband, John, and handled John’s estate. He is named as an attorney-in-fact under a power of attorney Olivia executed on March 30, 2006. Since decedent’s death, Mr. Headley, and/or Vivian lorio, an employee of the firm, has assisted Olivia with her finances. The firm represents Mr. Headley in this proceeding.
In early August 2010, decedent fell and broke her hip. Thereafter, decedent was either hospitalized, lived in a nursing home or in an assisted living residence. During this time decedent consulted Mr. Headley about her estate plan. Mr. Reduto, a partner with the firm, suggested that decedent create a supplemental needs trust for Olivia’s benefit. Mr. Headley states that decedent agreed with that advice. Mr. Reduto then drafted the propounded will which was executed under his supervision and witnessed by employees of the firm.
Following his appointment, the GAL conducted examinations under SCPA 1404 and then filed objections to probate. The GAL *691 contends that by creating a supplemental needs trust decedent effectively disinherited Olivia. He has sought certain disclosure including decedent’s prior wills and requested HIPAA authorizations from proponent to enable him to obtain decedent’s medical records. It appears from the record that discovery has not proceeded smoothly. These motions followed with each side accusing the other of unprofessional conduct.
The GAL moves to disqualify the firm on three grounds: (i) conflict of interest; (ii) the appearance of impropriety; and (iii) the attorney witness rule. While the GAL cites the former disciplinary rules as the bases for disqualification, each of the asserted grounds is embodied in an analog rule under the Rules of Professional Conduct (22 NYCRR 1200.0 et seq.).
The disqualification of an attorney is a matter that rests within the sound discretion of the court (Nationwide Assoc. v Targee St. Internal Medicine Group, 303 AD2d 728 [2d Dept 2003]; Caravousanos v Kings County Hosp., 27 Misc 3d 237 [Sup Ct, Kings County 2010]). Consideration is given to competing concerns, the avoidance of even the appearance of impropriety against the right of a party to the attorney of his own choosing, and to the possibility that the motion may be used for some strategic advantage (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437 [1987]).
The GAL argues that the firm may not represent Mr. Headley in this contested probate proceeding at the same time they represent Olivia because her interest as the sole distributee is adverse to that under the will Mr. Headley has propounded. Rule 1.7 provides as follows:
“(a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that either:
“(1) the representation will involve the lawyer in representing differing interests; or
“(2) there is a significant risk that the lawyer’s professional judgment on behalf of a client will be adversely affected by the lawyer’s own financial, business, property or other personal interests.
“(b) Notwithstanding the existence of a concurrent conflict under paragraph (a), a lawyer may represent a client if:
“(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
*692 “(2) the representation is not prohibited by law;
“(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
“(4) each affected client gives informed consent, confirmed in writing.”
This rule has been held interpreted to impose a higher standard for conflicts of interest as compared to the earlier disciplinary rules (see DeLorenz v Moss, 24 Misc 3d 1218[A], 2009 NY Slip Op 51519[U] [Sup Ct, Nassau County 2009]; DeAngelis v American Airlines, Inc., 2010 WL 1270005, 2009 US Dist LEXIS 105902 [ED NY 2010]).
The firm argues that the rule only prohibits them from representing two clients with differing interests in the same proceeding. However, the term “differing interests” is not so limited. The term is defined under rule 1.0 (f) to “include every interest that will adversely affect either the judgment or the loyalty of a lawyer to a client, whether it be a conflicting, inconsistent, diverse, or other interest.”
Mr. Headley states that the firm represented Olivia in the past and currently provides her with financial management assistance. Yet, Olivia is clearly adversely affected by the relief requested in the probate proceeding which is the very reason for the GAL’s appointment. The possibility of conflicting loyalties, which the rule seeks to prevent, is apparent here. Based upon the foregoing, the motion to disqualify the firm from representing Mr. Headley in this proceeding is granted.
We now turn to the cross motion to terminate the services of the GAL. Mr. Headley takes exception with the GAL’s actions. According to Mr. Reduto, following the 1404 examinations the GAL indicated that he was satisfied that the will was valid but had concerns about the estate plan. While the GAL has expressed in his papers dissatisfaction with the disposition to his client under the propounded will, the record does not demonstrate that he lacks sufficient objectivity to be removed.
The sole question in the probate proceeding is whether the propounded instrument is valid. It is not for the court, nor the GAL, to decide how decedent should have disposed of her property. In that regard, the court is mindful that the interests of the beneficiaries could be reduced by potentially needless litigation. For that reason, the GAL shall file an interim report within 10 days of the retention of new counsel as provided herein. In *693 his report, the GAL shall report his findings and identify any further discovery he will be seeking. Accordingly, the cross motion is denied without prejudice to renew following Mr. Headley’s retention of new counsel and the GAL filing his interim report.
The probate proceeding is stayed for 30 days from the date of this decision to enable Mr. Headley to retain new counsel. Counsel shall appear before the court on February 15, 2012 at 9:30 a.m. to establish a new discovery order.