Feighan v Feighan (2020 NY Slip Op 01146)





Feighan v Feighan


2020 NY Slip Op 01146


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-01177
 (Index No. 53018/16)

[*1]Stacey Feighan, respondent, 
v
Robert Feighan, appellant.


Lieberman & LeBovit, Yorktown Heights, NY (Mitchell P. Lieberman of counsel), for appellant.
The Kitson Law Firm, PLLC, White Plains, NY (Dina S. Kaplan of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Dutchess County (Tracy C. MacKenzie, J.), dated January 16, 2019. The order, insofar as appealed from, in effect, granted that branch of the plaintiff's motion which was for the issuance of a subpoena to Eugenia M. Vecchio, Esq., for copies of the complete files of the plaintiff and the defendant relating to the 2013 Robert E. Feighan Revocable Trust and the 2016 Robert E. Feighan Revocable Trust.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, granting that branch of the plaintiff's motion which was for the issuance of a subpoena to Eugenia M. Vecchio, Esq., for copies of the complete files of the plaintiff and the defendant relating to the 2016 Robert E. Feighan Revocable Trust, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2013, the parties retained Eugenia M. Vecchio, Esq., to create certain estate planning documents, including the 2013 Robert E. Feighan Revocable Trust. In 2016, prior to the commencement of this action for a divorce and ancillary relief, the defendant retained Vecchio to create the 2016 Robert E. Feighan Revocable Trust, a trust funded by assets previously held in the 2013 Robert E. Feighan Revocable Trust. The Supreme Court, inter alia, in effect, granted that branch of the plaintiff's motion which was for the issuance of a subpoena to Vecchio for copies of the complete files of the plaintiff and the defendant relating to the 2013 Robert E. Feighan Revocable Trust and the 2016 Robert E. Feighan Revocable Trust. The defendant appeals.
"The attorney-client privilege shields from disclosure any confidential communications between an attorney and his or her client made for the purpose of obtaining or facilitating legal advice in the course of a professional relationship" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 623; see CPLR 4503[a][1]). Since this privilege shields pertinent information from disclosure, it must be narrowly construed (see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d at 624). "The party asserting the privilege bears the burden of establishing its entitlement to protection by showing that the communication at issue [*2]was between an attorney and a client for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship,' that the communication is predominantly of a legal character, that the communication was confidential and that the privilege was not waived" (id., quoting Rossi v Blue Cross & Blue Shield of Greater N.Y., 73 NY2d 588, 593-594).
Generally, when an attorney represents two or more parties with respect to the same matter, the attorney-client privilege may not be invoked to protect confidential communications concerning the joint matter in subsequent adverse proceedings between the clients (see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 137; Wallace v Wallace, 216 NY 28, 35; Matter of McCormick, 287 AD2d 457, 457). Here, Vecchio's joint representation of the parties in 2013 with respect to the preparation of estate planning documents, including 2013 revocable trusts executed by each of them, constituted representation with respect to the same matter, and we agree with the Supreme Court's determination that the attorney-client privilege could not be invoked to protect confidential communications concerning Vecchio's representation of the parties with regard to the defendant's 2013 revocable trust (see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d at 137; Wallace v Wallace, 216 NY at 35; Matter of McCormick, 287 AD2d at 457-458). However, contrary to the court's determination, the attorney-client privilege could be invoked to protect confidential communications concerning Vecchio's representation of the defendant with regard to the 2016 revocable trust, as Vecchio's representation of the plaintiff ended in 2013, and the services provided to the defendant in 2016 did not constitute the same matter as the services provided to the parties in 2013.
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court